CASE 45—EQUITY—OCTOBER 2, 1883.

# Heinig, &c., v. The Adams and Westlake Manufacturing Company.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Before the Heinig Manufacturing Company can have an existence under the General Statutes, it must be shown that its provisions have been complied with.
2. One of the precedent conditions to the validity of the acts of a corporation purporting to operate under the statute is, a notice stating name, amount of stock, &c., published for four weeks in some newspaper.

W. O. & J. L. DODD FOR APPELLANT.

1. As to the existence of the corporation known as the Heinig Manufacturing Company, there can be no question.  The burden of proof is upon the appellees to show that it is not.
2. Section 17, chapter 56, General Statutes, entitled "Incorporated Companies," provides "that persons acting as a corporation under the provisions of this act shall be presumed to be legally organized until the contrary is shown."

RICHARDS & BASKIN, GIBSON & GIBSON, AND O. H. POLLARD FOR APPELLEES.

1. The general rule is, that the existence of a corporation may be proved by producing its charter, and showing acts of user under it; but this rule has no application to a corporation formed, or attempted to be formed, under the General Statutes.

Heinig, &c., v. The Adams and Westlake Manufacturing Company.

2. Under the statute, notice must be given in a newspaper of the objects of the corporation, &c. (Gen. Stat., ch. 66, art. 2, sec. 13.) This never was done. (14 Cal., 424; 9 Dana, 889; Gen. Stat., ch. 24, sec. 10, p. 256; 48 Barb., 256.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

Mrs. Amelia Heinig, the wife of G. E. Heinig, claims that the Heinig Manufacturing Company existed prior to December, 1880, and that it owed her between six and seven thousand dollars; that a great part of the property on which appellees' executions were levied belonged to that corporation, and is subject, first and exclusively, to the payment of her claims. The appellees denied the existence of such a corporation, and cast the burden upon her to show its legal existence.

A copy of what purported to be the articles of such a corporation was filed by her, but she failed to show that a publication in a newspaper, as required by the statute, was made within three months from the filing of the articles in the county court clerk's office.

Sections 5 and 6 of chapter 56, General Statutes, require, as a precedent condition to the validity of the acts of such corporations, that notice shall be published for at least four weeks in some newspaper, as convenient as practicable to the principal place of business, stating the name, general nature, amount of capital stock, whether private property is to be exempt from debts, &c., &c., of the corporation.

The notice must contain the essentials of the corporation, all of which are highly important to the public, for whose especial protection the publication is required by the statute to be made within three months from the date of filing the articles of corporation.

Such corporations have no right to commence business, or do any corporate act, until the articles of incorporation

are filed in the proper office for record, and the notice specified by section 5, *supra*, is published for the length of time and within the time named in sections 5 and 6. The circumstances of this case manifest the wisdom of the statute. Here the wife and daughter-in-law of the alleged president of the corporation are asserting, to say the least, doubtful and suspicious claims, which are not satisfactorily proven, and which, if allowed, would swallow up the whole of his property, leaving his creditors, who are not of kin to him, unsatisfied.

It is not necessary to point out the inconsistencies of the pleadings with the evidence relied on by the appellants; it is enough to say that there is no contract, breach, and non-payment sufficiently alleged with reference to the rent which she claims against F. M. Heinig & Co., composed of her husband and son.

As the claims, except the rent just named, of Amelia Heinig and Louisa Heinig are against the disputed corporation, which is not shown to have had any legal existence, the judgment, aside from the many badges of fraud exhibited by this record, was correct.

Wherefore, the judgment is affirmed.