*L. Farmer, W. G. Colson, J. & J. W. Rodman, for appellant.*

---

J. M. ROBINSON & Co. *v.* N. J. HARRIS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—928.]

Liability of an Association.

Before persons forming a trade association have signed articles of incorporation under Gen. Stat., ch. 56, to legally act as a corporation and bind the corporation by contract they must give the published notice provided by § 5 of said chapter; and where they have bought goods in the name of such corporation before such notice is published they will become personally liable for such purchase.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

May 29, 1884.

OPINION BY JUDGE LEWIS:

This action was first instituted by appellants against The Muhlenberg Co-operative Assn. to recover judgment upon an account for goods, wares and merchandise alleged to have been sold and delivered to the defendant. In amended petitions subsequently filed it is stated that The Muhlenberg Co-operative Assn. is composed of various persons, the names of whom were not known to appellants when their original petition was filed, associated together for the purpose of carrying on the business of buying, selling and trading in goods, wares and merchandise, produce and other things under that name, and while thus engaged in that business they purchased of appellant the articles mentioned in the original petition.

It is further alleged that the association of persons mentioned never adopted any articles of incorporation, and if they did the same were not signed by the parties who formed the corporation, nor were they ever acknowledged or recorded in the office of the clerk of any county court; that they never published or caused to be published in any newspaper any notice stating the time of the commencement or termination of the business of said association, or its principal places of business, or any fact relating to the indebtedness or liability of said association or its principal place of business, or any fact connected with the business of said corporation. The said association was never incorporated by any act of the general assembly, nor ever incorporated under any law of the state of Kentucky or of any other state.

Appellees, Harris and others, by the amended petitions made defendants to the action, were alleged to have been members of and participants in the profits of the association at the time the goods, wares and merchandise were sold, as stated in the original petition, and personal judgment was prayed for against them for the amount of the account sued on. Upon trial of the action judgment was rendered in favor of the individual members of the association and the action as to them was dismissed.

As there is no proper bill of exceptions presented, our inquiry

is limited to the question of the sufficiency of the pleadings which were presented by general demurrers filed respectively by appellants and appellees. In the answer filed by appellees it is alleged that the articles of incorporation were signed by seven of the stockholders and were admitted to record in the office of the clerk of the county court of the county of Muhlenberg, and were acknowledged before the clerk by several of the stockholders, and that the business of the association was done by them and the other members of the association as a corporation, and that they were legally organized as a corporation. It is further alleged that the appellants recognized the association as a corporation, and dealt with and sold and delivered the goods, wares and merchandise mentioned in the petition to the association as such corporation, and not to them or other stockholders as a copartnership, or as members of the association, or on their individual credit.

By the terms of the articles of incorporation filed with the answer as an exhibit, and which appellees refer to as containing the terms and conditions upon which they became members of the association, it is obvious that each member was entitled to a share of whatever profits might be realized from the business of the association, which in the language of the articles was of "retail dealers in goods, wares and merchandise upon the plan of co-operation recommended by the 'National Grange.'" It also appears that the articles of incorporation were signed by seven persons, and, as shown by the certificate of the clerk indorsed thereon, was admitted to record in the proper office.

But the allegations contained in the petition and amended petitions that no notice whatever was published in any newspaper is not denied, and it must therefore be assumed as true that the business of the association was carried on and the goods, wares and merchandise purchased of appellants by the association through its agent without the publication of the notice required in such cases by Gen. Stat., ch. 56, § 5. The title of that chapter is "Incorporated Companies," and by the first section it is provided that any number of persons may asociate themselves together and become incorporated for the transaction of any lawful business except banking and insurance and for the construction of railroads; but that such incorporation shall confer no powers or privileges not possessed by natural persons except as provided in that chapter.

Section 3 is as follows: "Before commencing any business, except that of their own organization, they must adopt articles of incorporation, which shall be signed and acknowledged by them as deeds are required to be acknowledged, and recorded in a book kept for that purpose in the office of the clerk of the county court of the county where the principal place of business is to be."

Section 5 is as follows: "A notice shall be published for at least four weeks in some newspaper as convenient as practicable to the principal place of business; said notice shall specify: 1. The names of the incorporators, the name of the corporation, and its principal place of transacting business. 2. The general nature of the business proposed to be transacted. 3. The amount of capital stock authorized, and the times, when, and the conditions upon which it is to be paid in. 4. The time of the commencement and termination of the corporation. 5. By what officers or persons the affairs of the corporation are to be conducted, and the times at which they are to be elected. 6. The highest amount of indebtedness or liability to which the corporation is at any time to subject itself. 7. Whether private property is to be exempt from the corporate debts."

It is distinctly alleged in the answer that the articles of incorration were acknowledged by at least some of those who signed them, and, although, not stated whether before or after they were recorded, yet before the goods were sold by appellants. But it is not deemed necessary to now decide whether the statute was fully complied with in that respect. The question we will consider is whether, it being admitted, as must be done in considering the general demurrer to the answer, that appellants sold the goods to the association as a corporation with notice of the articles of association and organization of its members and gave credit to appellees as such corporation, and not to them individually, the failure to publish the notice required by § 5 is sufficient to make them personally liable to appellants.

This question has been recently decided by this court in the case of *Heinig v. Adams & Westlake Mfg. Co.,* 81 Ky. 300, 5 Ky. L. 281. In that case it was held that §§ 5 and 6 require as a precedent condition to the validity of the acts of such corporations that notice shall be given and published for at least four weeks in some newspaper as convenient as practicable to the prin-

cipal place of business, stating the home, general nature, amount of capital stock, and whether private property is to be exempted from the debts of the corporation, and that such corporations have no right to commence business or do any corporate act until the articles of incorporation are filed in the proper office for record, and the notice specified by § 5 is published for the length of time prescribed.

The corporate existence of associations provided for in Gen. Stat., ch. 56, depends upon and begins only after the terms and conditions of the law are substantially complied with. The notice required by § 5 never having been published, the association had no right to commence business as a corporation, nor in fact did it then exist as a corporation; and, the members of the association having participated in the profits thereof and received the benefits of the goods sold to the association, must be held as not exempt but liable as individuals therefor.

Wherefore the judgment is *reversed* and cause remanded with directions to sustain the general demurrer of appellants to the answer of appellees and for further proceedings consistent with this opinion.

*J. S. Kline, J. C. Thompson, M . C. Hay, Wm. Lindsay, for appellants.*

*A. Duvall, D. W. Lindsay, for appellees.*

[Cited, *Cincinnati Cooperage Co. v. Bate,* 96 Ky. 356, 16 Ky. L. 626, 26 S. W. 538, 49 Am. St. 300.]