CASE 54—PETITION EQUITY—MAY 8, 1894.

## Cincinnati Cooperage Company v. Bate.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

A CORPORATION HAS NO POWER OF ITSELF TO CHANGE OR ALTER THE NAME ORIGINALLY SELECTED BY IT without recourse to such formal proceedings as are prescribed by law; and where there has been such a change of name without authority of law, the persons assuming to act in a corporate capacity under the new name are liable as partners to those with whom they contract.

FAIRLEIGH AND STRAUS FOR APPELLANT.

1. The name of a corporation adopted by the articles of association is of the very essence of its being, and the corporation created and organized under the corporate name of " The New Albany Brewing Company," could not by the mere will of the parties be imported into the concern and its business conducted under the name of " Gebhard & Bate Brewing Co ," and, therefore, the latter concern was, in legal contemplation. a co-partnership, at least as to third parties dealing with it and giving it credit. (2 Bac. Abr., Am. ed , 440; 1 Blackst. Comm., 474; Walker's American Law, 9 ed., 282; Smith's Mercantile Law, 3 ed., 141; Beach on Private Corporations, sec 275 )

2. If the " Gebhard & Bate Brewing Company " was a corporation for any purpose it was defectively formed, and there was a complete fail-

Cincinnati Cooperage Company v. Bate.

ure to comply with the provisions of the law. The result of this is that the active managers of the concern are personally liable as partners to third persons giving it credit. (Coleman v. Coleman, 78 Ind., 344; Fuller v. Rowe, 57 N. Y., 26; Biglow v. Gregory, 73, Ill., 197; Cook on Stock and Stockholders, sec. 233; Wait on Insolvent Corporations, sec. 477.)

3. The change of the name of the concern, if it was not an abondonment of the corporation intentionally made for the actual purpose of creating a partnership, was an intentional fraud upon creditors.

JAMES S. PIRTLE FOR APPELLEE.

1. The use of a wrong name by the agents of a corporation in contracting in behalf of the corporation is not material if the corporation was really intended by the parties. (Morawetz on Corporations, 181; Smith v. Plank Road Co., 30 Ala., 650; Girard v. Philadelphia, 7 Wall., 1; 7 Mass., 444; Cahill v. Bigger, 8 B. Mon., 211; Balt. & P. R. Co. v. 5th Baptist Church, 137 U. S, 568; Metropolitan Bank v. Clagitt, 141 U. S., 520; Michigan Ins. Co. v. Eldred, Sup. Ct. Reporter, May 1, 1892; City of Lathrop v. Clemen, 5 Am. & Eng. Corporation Cases, p. 563; 4 Am. & Eng. Enc. of Law, p. 204.)

2. The omissson to file a petition for change of name by the New Albany Brewing Co. is not material, and the obligation sued upon is the obligation of that corporation and not of any of its stockholders. The corporate existence of a *de facto* corporation can not be inquired into collaterally. (North v. State, 107 Ind, 356; Hassleman v. U. S. Co, 97 Ind., 365; Palmer v. Lawrence, 3 Sanf. Ch'y, 168; Baker v. Neff, 73 Ind., 68; Hon v. State, 89 Ind.; Williamson v. Kokomo Asso., 89 Ind., 389; Snyder v. Studebaker, 19 Ind., 462; Cochran v. Arnold, 58 Pa. St.; Stout v. Zulick, 48 N. J. Law, 601; Jones v. Bank of Tennessee, 8 B. Monroe, 122; 2 Herman on Estoppel and Res Adjudicata, sec. 1245; 2 Beach on Private Corporations, secs. 375, 864, 871; Morawetz on Private Corporations, sec. 141.)

A literal compliance with the statute is not necessary to make the corporation legal. (Walton v. Riley, 85 Ky., 413.)

PIRTLE, SPEED & TRABUE IN PETITION FOR REHEARING.

1. The case of Robinson v. Harris, 5 Ky. Law Rep., 928, upon which the court bases its decision, has been in effect overruled. (Walton v. Riley, 85 Ky., 413.)

2. It seems to us the fundamental error into which the court has fallen is, that it overlooks the fact that the New Albany Brewing Company continued to do business, and that the obligation executed by its president, and which is sued on in this action, is the obligation of that company although the officers had ineffectually attempted to assume another name. From the fact that the attempt to change the name

was ineffectual, the name remained unchanged and the corporation was still the New Albany Brewing Company, doing business, however, under the name of Gebhart & Bate Brewing Co.

3. Failure to comply with the statutory requirements in the organization of a corporation can be taken advantage of only in a direct proceeding to annul the franchise. (Portland and Greenwood Turnpike Co. v. Bobb, 88 Ky., 226.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The conclusions of fact certified by the court below in this case are that "The New Albany Brewing Company was a corporation duly created and organized under the laws of the State of Indiana for the purpose of manufacturing and vending beer. It was incorporated under the corporate name of the 'New Albany Brewing Company.' Afterwards, the defendants, E. R. Bate, J. Gebhart and another, acquired the entire stock of the New Albany Brewing Company, and became its directors. Bate, Gebhart and another, as directors and stockholders, without taking any steps required by the law of Indiana in such cases provided, changed the name of the 'New Albany Brewing Company' to the 'Gebhart & Bate Brewing Company,' and thereafter the business of the New Albany Brewing Company was conducted under the name of the Gebhart & Bate Brewing Company, and the business under the latter name was conducted at the same place, and in its conduct was used the same property, appliances and machinery. The draft sued on was drawn and accepted after the change of name of said corporation as aforesaid, and whilst the defendant, E. R. Bate, was a holder and owner of stock and a director of the corporation."

The court found as a matter of law that Bate was not liable individually on the draft, nor liable thereon as a partner. The contention of the appellant is that Bate and the other owners of the old concern having abandoned the corporate name and adopted a new name, which gave special prominence to the names of the individuals composing the concern, are individually liable as partners in a venture, for the reason that no legal steps were taken to change the corporate name as might have been done under the easy mode provided by the Indiana statute.

It is evident, at the outstart, that if there are any adjudications in point by the Indiana courts, they must be given a controlling influence, and we are referred to the case of Coleman v. Coleman, 78 Ind., 344. The court says: "Waiving all consideration of the doctrine of estoppel contended for, and conceding that there was no corporate body for which the appellees were authorized to act, * * still, if the company was not a corporate body, then it was a partnership, composed not merely of the directors, but of all the subscribers to the articles of incorpotion."

That the Gebhart & Bate Brewing Company was a corporate body can not be maintained in the face of the record to the contrary. The parties assuming to do business as such company did not take a single step required by the statute for the purpose of creating a corporation or of changing the name of the old corporation. The name of a corporation is "the very being of its constitution, the knot of its combination, without which it could not perform its corporate functions." (Smith's Mercantile Law, 3d edition, 141.)

" When a corporation is created, a name must be given to it, and by that name alone must it sue and be sued and do all legal acts." (1 Blackstone's Com., 474.)

" The law knows a corporation only by its corporate name." (Walker's American Law, 9th edition, 232.)

" A corporation has no right or power of itself to change or alter the name originally selected by it without recourse to such formal proceedings as are prescribed by law." (Beach on Private Corporations, section 275.) The effect of such change of name is an abandonment not only of the corporate name, but of the corporation itself. The identity of the creature authorized by the statute to do business is destroyed. It is in no sense like the case where an individual changes his name. The very being of its constitution is destroyed by an abandonment of its name and an attempted substitution of a new name without authority of law. In the case of Fuller v. Rowe, 57 N. Y., 26, it was said: "Parties assuming to act in a corporate capacity without a legal organization as a corporate body, are liable as partners to those with whom they contract." In Robinson v. Harris, 5 Ky. Law Rep., 928, it was held that the corporate existence of associations provided for in chapter 56, General Statutes, depends upon and begins only after the terms of the law are substantially complied with; and until the notice required by section 5 has been published, the association has no right to begin business as a corporation, and because such notice had not been published, the members were held liable as individuals. We concur in the conclusions reached

by the Superior Court in this case, that "The Geb-hart & Bate Brewing Company had no right to do business as a corporation until the members had complied with the law.    Until they did so, no cor-poration existed.    The stockholders were merely do-ing business as partners, and, as such, are individually liable for the debts."

Judgment reversed  and  cause remanded for pro-ceedings conformable to this opinion.