CASE 23.—ACTION BY E. B. DRAKE AGAINST EMMA L. HERNDON ON A NOTE.—March 1.

## Drake v. Herndon, &c.

Appeal from Scott Circuit Court.

M. C. SAUFLEY, Special Judge.

From the judgment plaintiff appeals. Affirmed:

Corporations—Organization—What Constitutes—Failure to Elect Board of Directors—Liability as Partners—Where three persons agree to organize a corporation and file articles of incorporation with the county clerk of the county of their residence, fixing the capital stock at $1,000, divided into 100 shares of $10 each, of which one subscribed for one share, one for nine shares and the other for ninety shares, and filed their articles of incorporation with the Secretary of State, and paid the organization tax, these acts constituted an organization of a corporation. The failure to elect a board of directors, or the fact that the business was exclusively conducted by one of the shareholders did not invalidate the organization of the corporation, and in such case the incorporators cannot be held liable as partners for the debts of the corporation.

MONTGOMERY & LEE for appellant.

Drake v. Herndon, &c.

## CITATION OF AUTHORITIES.

1. There can be no legal organization of a corporation without at least three persons in good faith associating themselves together for the purpose of carrying on the proposed business. (Ky. Stats., section 538.)

2. The signers of the articles of incorporation have no power to transact any business before directors are elected, except such as is necessary to complete the organization. (Ky. Stats., section 541.

3. A corporation has no right to begin business until after a meeting is held and at least three directors elected to manage its affairs. (Ky Stats., section 551.)

4. No person is eligible to hold the office of director in any corporation unless he owns at least three shares of its capital stock. (Ky. Stats., section 551.)

5. The Bell M. Herndon Implement Company could never have legally organized a corporation, because there were only two real stock holders; and even if Bradford had actually owned one share, as pretended, still they could not have organized with three directors qualified as prescribed by statute. (Section 551.)

6. Any attempt to organize a corporation without the number of persons associated together required by the statute is a nullity. (Louisville Banking Co. v. Eiseman, 94 Ky., 83.)

7. Persons acting as a corporation without being legally incorporated are liable as partners and as individuals to all persons dealing with them. (Robinson v. Harris, 5 Rep., 928; Cincinnati Cooperage Co. v. Bate, 14 Rep., 469 (Cup. Crt.); Same v. Same, 96 Ky., 256; Wallon v. Riley, 85 Ky., 413.)

V. F. BRADLEY and J. F. ASKEW for appellees.

## POINTS AND AUTHORITIES.

1. When a corporation shall be deemed organized, see: Ky. Stats., sections 542 and 551; Heinig, &c., v. Adams & Westlake Mfg. Co., 81 Ky., 300; Walton v. Riley, 85 Ky., 413.

2. Liability of incorporator as partners, see: Robinson, &c., v. Harris, 5 R., 928; Cincinnati Cooperage Co. v. Bate, 96 Ky., 356; James A. Rutherford, &c., respondents, v. J. W. Hills, book 17, p. 549, Lawyer Reports Annotated.

ADDITIONAL AUTHORITIES CITED.

Section 542, Ky. Stats.; section 566 Ky. Stats.; Snyder's Son
Co. v. Troy, 91 Ala., 224; Finnegan v. Noerrenberg, 52 Minn., 239;
Broderip v. Salomon, Law Reports, 2nd Chancery, 323; Fay v.
Noble, 7 Cush., 188; Bank v. Almy, 177 Mass., 476; Stout v. Zulick,
48 N. J. Law., 599; 7 Atl. Rep., 362; Bank v. Padgett, 69 Ga.,
164; Bank v. Stone, 38 Mich., 779; Humphreys v. Mooney, 5 *
Col., 282.)

OPINION BY JUDGE BARKER—Affirming.

This action was instituted by the appellant, E. B.
Drake, to recover a judgment against Bell M. Hern-
don, Emma L. Herndon, his wife, and John G.
Bradford, on a note for the sum of $282.50 signed by
the Bell M. Herndon Implement Company, by Bell
M. Herndon.    The petition charges that the three
defendants were partners and as such bound for the
debt; and the question whether they were partners
is the issue in the case.    The allegations as to the
partnership were denied by the answer.

The facts are these:  On the 5th day of April, 1902,
Bell M. Herndon, Emma L. Herndon, and John G.
Bradford filed with the clerk of the Scott circuit
court articles of incorporation of the Bell M. Herndon
Implement Company, the capital stock of which was
fixed at $1,000, divided into 100 shares of $10 each.
John G. Bradford subscribed for one share, Bell M.
·Herndon for nine shares, and Emma L. Herndon for
ninety shares.    On the 14th day of May, 1902, the
articles of incorporation were filed with the Secretary
of State, and the organization tax paid.    No board
of directors was elected.    The business of the corpo-
ration was the sale of agricultural implements.
Neither Bradford nor Emma L. Herndon took any

part in the management of the affairs of the corparation, which were conducted exclusively by Bell M. Herndon. While the corporation was being thus managed, it purchased from the appellant, E. B. Drake, a bill of goods, amounting to $700. This indebtedness was carried for some time; payments being made and renewals for the balance executed and delivered until the original demand was reduced by the credits to the sum sued for. After this the corporation became wholly insolvent.

The contention of the appellant is that, because no board of directors was elected, and the management of the business of the corporation was committed exclusively to the care of Bell M. Herndon, therefore the attempt to organize into a corporation was entirely void, and the incorporators and stockholders became liable as partners. Upon the soundness of this proposition depends appellant's cause of action.

Section 538 of the Kentucky Statutes of 1903 provides: "Any number of persons, not less than three, may associate to establish a corporation for the transaction of any lawful business, or to promote or conduct any legitimate object or purpose under the provisions of, and subject to the requirements of this article.   *   *   *''  Section 539 prescribes what the articles of incorporation shall show, which we may say now was scrupulously complied with. Section 540 requires the articles of incorporation to be signed and acknowledged by the incorporators before any officer authorized to take acknowledgments to deeds, and to be recorded in the county clerk's office of the county in which its principal office or place of business is to be located, and that a copy thereof shall be filed and recorded in the office of the Secretary of State.

Section 541 provides: "Until the directors are elected the signers of the articles of incorporation shall have the direction of the affairs of the organization of the corporation. * * *" Section 542 is as follows: "When the articles are filed and recorded as provided, and the license tax imposed is paid to the State, the corporation shall be deemed to be organized for the purpose of transacting, promoting or carrying on the business or purpose for which it was created; and shall thereupon become a body corporate, and be known by its corporate name, and as such may adopt and use a corporate seal; and shall have power to sue and be sued, to contract and be contracted with, to pledge or mortgage its property, real or personal, to secure the fulfillment of its contracts; appoint, remove and elect officers, define their duties, and require from any of them a bond for the faithful discharge of their duties; to prescribe by its board of directors by-laws for the government of the corporation not inconsistent with law; and to exercise, subject to law, such powers as may be necessary to conduct the business or promote and carry on the objects and purposes for which it was organized." By section 551 it is provided that the affairs of corporations shall be managed by a board of not less than three directors, each of whom shall own in his own right not less than three shares of its capital stock. Section 566: "No corporation organized under this chapter shall be permitted to set up or rely upon the want of legal organization as a defense to any action against it; nor shall any person transacting business with such corporation, or sued for injury done to its property, be permitted to rely upon such want of legal organization as a defense."

We do not think the mere failure to elect a board of directors invalidated the organization of the corporation; to hold so would be in the very teeth of section 566, which forbids any reliance upon the want of legal organization, either by the corporation or by persons transacting business with it. This was held in the case of Walton v. Riley, 85 Ky. 413; 9 Ky. Law Rep., 29; 3 S. W., 605, in which case Heinig v. & Westlake Mfg. Co., 81 Ky., 300; 5 Ky. Law Rep., 281; wherein a contrary principle had been announced, was expressly overruled. Walton v. Riley, supra, was approved and reaffirmed in the case of Portland & Greenwood Turnpike Co. v. Bobb, 88 Ky. 226, 10 S. W. 794. The cases of Cincinnati Cooperage Co. v. Bate (Superior Court) 14, Ky. Law Rep., 469, and Id., 96 Ky. 356, 26 S. W. 538, 49 Am. St. Rep., 300, have no tendency to establish a doctrine contrary to that of Walton v. Riley. The parties in charge of the cooperage company made no pretense whatever to an organization; they simply took the name and started business. This fact is expressly made the turning point in the opinion, and, when that case was affirmed by this court in 96 Ky. 356, 26 South. 538, 49 Am. St. Rep., 300, the opinion was rested upon the same ground; and, while the case of Robinson v. Harris (an officially unreported case) 5 Ky. Law Rep., 926, announced the same principle as in Heinig v. Adams & Westlake Company, supra; it necessarily fell with the overruling of that case. The reference to it in the opinion in the cooperage company case was merely an oversight; the court overlooking the fact that the principle it announced had been overruled. Moreover, it was not necessary to support the opinion.

Section 566 was enacted in large part to prevent the very difficulty we have under consideration. It would result in inextricable confusion if every oversight or irregularity in the organization of a corporation could be taken advantage of for the purpose of holding the incorporators as partners, and would destroy the very object for which the statute permitting their creation was enacted. Section 542 provides that, when the articles are filed and recorded and the license tax paid, the corporation shall be deemed to be organized for the purpose of transacting business; and we are not disposed to permit this beneficent statute to be destroyed by any mere irregularity in the organization or management of the corporation. The court, however, submitted to the jury, for the benefit of the appellant, the question as to whether Bradford was a partner, and they found this issue against him. This action of the court was certainly as favorable to appellant as he was entitled. There was no evidence whatever to hold Emma L. Herndon, and the court correctly instructed the jury peremptorily to find in her favor. The jury rendered a verdict in favor of appellant as to Bell M. Herndon, from which the latter has not prosecuted a cross-appeal.

Perceiving no substantial error to the rights of appellant, the judgment is affirmed.