## Stearns Coal & Lumber Co. v. Douglas.

Dec. 8, 1944.

As Modified on Rehearing Jan. 30, 1945.

H. C. Gillis and Robert L. Smith for appellant.

R. L. Pope and W. S. Gilreath for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellant, Stearns Coal & Lumber Company, filed its petition in equity against appellee, John E. Douglas, to quiet its title to a tract of land located in McCreary County of approximately 200 acres which is described in the petition. The answer was a traverse followed by a counterclaim averring defendant had paper title to the land described in the petition as well as title by adverse possession; it also contained pleas of champerty and estoppel. A reply denied the allegations of the counterclaim and pleaded an estoppel against appellee.

By agreement the cause was transferred to the common law docket for a trial of the facts. A verdict was re-

turned in favor of appellee and to reverse the judgment entered thereon appellant insists: (1) That it was entitled to a directed verdict; (2) that the court erred in instructing the jury. It is the contention of appellee that he was entitled to a directed verdict.

Appellant deraigns title through a patent for 9,600 acres issued in 1855 and it is stipulated that its remote grantor, Roberta S. Bryant, had a connected chain of title back to this patent and that the land in controversy lies within the exterior boundary thereof. Appellee's title goes back to a patent issued to Thomas M. Ross in 1885 for this particular 200 acres.

In 1904 members of the Bryant family organized a corporation called the Kentucky-Tennessee Property Company (hereinafter referred to as the Corporation) for the purpose of holding title to their lands and the Corporation was to exist for a term of twenty-five years. It ceased to transact business with a conveyance on Jan. 22, 1923, wherein it conveyed a large number of tracts of land to appellant in which it was joined by Roberta S. Bryant and her children with their spouses. Included in this conveyance was the land in controversy. By a collateral agreement appellant was to pay only for such property included in that conveyance to which its attorney, Mr. William A. Waddell (now deceased), approved title and it was to reconvey all property with defective title. After Mr. Waddell had examined the titles a second conveyance was executed to appellant on Feb. 15, 1927, conveying it the property to which titles had been approved. This deed was very long, consisting of about 100 pages, and it did not include the land in controversy.

On April 26, 1926, W. T. Culver, vice-president of appellant, executed a deed to the Corporation conveying to it the 200 acres covered by the Ross patent of 1885, along with four other tracts, which deed was found in the papers of Louis E. Bryant, a director and vice-president of the grantee Corporation, after his death. Mr. Bryant was a highly educated civil and mining engineer and was the custodian of the papers and deeds of the Corporation, but he suffered a paralytic stroke and seems to have lost all memory of this deed although his family were hunting for it and were making inquiry of him concerning same. Mr. E. L. Stephens, a director of the Corporation and attorney for the Bryant family,

testified that he found this deed in going through Louis E. Bryant's papers at the instance of his widow. While we do not recall that the record shows the date he found the deed, we conclude it was after 1939 from other things contained in the record.

By a deed of Nov. 23, 1932, Dudley E. Bryant and others conveyed to W. S. Glore and wife, Hester Bryant Glore, certain lands which included this 200 acre tract. This deed was executed when the Bryant family were partitioning their lands but the Corporation was not a party thereto. Evidently the Glores realized this deed did not convey them a good title to this 200 acres because on July 31, 1937, they obtained a deed from appellant purporting to convey this land to them, which recites that appellant had not reconveyed the lands included in the deed to it on Jan. 22, 1923, to which title had proved defective; or if so, such reconveyance had been lost and was not of record. On July 30, 1942, the Glores conveyed the land in controversy by a quitclaim deed to their son as trustee for their infant grandson, giving the trustee full power to dispose of same, but requiring the proceeds to be held in trust for the education of such grandson; and on August 21, 1942, this trustee conveyed the land to appellant by a quitclaim deed in consideration of $500, which was less than one-third of the amount appellant had offered to pay appellee for the land provided he could make good title.

Appellee insists that the deed of April 26, 1926, from appellant put the title to the land in controversy in the Corporation and the second deed appellant executed on July 31, 1937, to the Glores never passed any title to them since appellant had previously conveyed the land to the Corporation; therefore, appellant took no title through the conveyance executed to it by the Glores' grantee. Appellant contends there was no delivery to the Corporation of the deed appellant executed to it in 1926; or if so, the Corporation was never duly organized, its charter has long since expired and its real estate thereby reverted to its stockholders and the Glores obtained title by the deed of partition in 1932.

There can be no doubt but that the deed executed by appellant in 1926 reconveying the land in controversy to the Corporation was delivered. It was found in the possession of Louis E. Bryant, director and vice-president of the Corporation and custodian of its papers and

deeds. The mere fact that he did not put the instrument to record and had suffered a paralytic stroke and did not remember having the deed does not overcome the presumption in favor of delivery which arises when a deed is found in the possession of an officer of a grantee corporation after his death. 16 Am. Jur. "Deed," sec. 381 p. 656; Chase v. Woodruff, 133 Wis. 555, 113 N. W. 973, 126 Am. St. Rep. 972. There is no evidence in this record to overcome the presumption of acceptance as there was in Sullivan v. Bland, 215 Ky. 57, 284 S. W. 410; Hardin v. Kazee, 238 Ky. 526, 38 S. W. 2d 438; and other authorities cited by appellant. We are of the opinion that the deed appellant executed on April 26, 1926, conveyed title of this land to the Corporation, therefore it follows that the subsequent deed it executed to the Glores conveyed them nothing as appellant then had no title to or interest in the land attempted to be conveyed. Austin v. Moore, 188 Ky. 832, 224 S. W. 467; Holcomb v. Holcomb, 243 Ky. 755, 49 S. W. 2d 1002.

We find nothing in the record which shows that the Corporation was not duly organized and appellant's brief refers to no evidence along this line, except the testimony of Mr. Stephens, the attorney who drew the articles of incorporation. He testified that he drew an agreement showing just what interest each member of the Bryant family had in the Corporation and he did not think any stock was ever issued to them. This lacks much of bringing the Corporation within the rule announced in such authorities cited by appellant as Mt. Carmel Telephone Co. v. Mt. Carmel & Flemingsburg Telephone Co., 119 Ky. 461, 84 S. W. 515; Kennedy v. Fulton Mercantile Co., 108 S. W. 948, 33 Ky. Law Rep. 60; Sanders & Walker v. Herndon, 128 Ky., 437, 108 S. W. 908; that where stockholders transact business in the name of a purported corporation, or one whose formation was never completed, they incur liability as partners. We cannot say that here the incorporators took title as partners to the land conveyed this Corporation merely because no stock had been issued by it to the incorporators. They had a signed agreement showing just what interest each owned in the Corporation and as it was a family affair the actual issuing of the stock would have amounted to but little.

Nor is there force in appellant's argument that upon dissolution of the Corporation title to this property vested in the stockholders. Mr. Stephens testified

that the Corporation never dissolved, unless it was by the expiration of its charter, and he further testified that it was kept alive until 1939 on account of the bankruptcy of Louis E. Bryant. Just how this was accomplished, he does not explain. It is said in Greene v. Stevenson, 295 Ky. 832, 175 S. W. 2d 519, 523 and 524, that under KS 561 (now KRS 271.300) the common law rule that real estate of defunct corporations reverts to the stockholders is abrogated, but that such corporations may convey same without the stockholders and their spouses executing a deed therefor.

There was a failure in appellant's paper title and as it did not show title by adverse possession it proved no title to or interest in this land. Therefore, it follows that a verdict should have been directed in favor of appellee, and appellant is in no position to complain of the jury finding for appellees. Varney v. Orinoco Mining Co., 201 Ky. 571, 257 S. W. 1016, 1018; Hopkins v. Slusher, 266 Ky. 300, 98 S. W. 2d 932, 936, 108 A. L. R. 662. Without going into a discussion of the evidence, it will suffice to say that appellee established title by adverse possession and as appellee was entitled to a directed verdict it is immaterial whether or not the instructions were correct and it is unnecessary to discuss them. Suter's Adm'r v. Kentucky Power & Light Co. 256 Ky. 356, 76 S. W. 2d 29, 32; Cookendorfer v. Pendleton County Farmers Fire Ins. Co., 287 Ky. 735, 155 S. W. 2d 204, 208.

The judgment is affirmed.