### DELONG'S ADM'R v. TACKETT et al.

Court of Appeals of Kentucky.

June 22, 1951.

830

Jasper H. Preece, Inez, W. J. Ward, Paintsville, for appellant.

Earle Cassady, Inez, Robert Odear, Lexington, for appellees.

LATIMER, Justice.

Appellant instituted this action against appellees seeking damage to the estate of E. J. (Jack) Delong by reason of the death of Delong, caused by the alleged carelessness and negligence of appellees in the operation of their bus. On trial of the cause the jury returned a verdict in favor of appellees.

Jack Delong and his step-grandson, John C. Penix, were sitting or "hunkered" a few feet off the travelled portion of the highway leading from Paintsville to Inez. There is some contradiction in the evidence as to the distance they were from the road, some placed it four or five feet and others at eight or ten. Appellees' bus was proceeding from Paintsville toward Inez. A short distance from where the decedent, Jack Delong, and his step-grandson were sitting there was a curve in the road, a left-hand curve for the bus in the direction it was travelling. As the bus approached the curve a jeep, driven by a man by the name of Pruitt, was also approaching the curve going in the opposite direction. The proof shows that the curve was neither sharp nor blind, but such as enabled those approaching from opposite directions to see on-coming vehicles. The bus driver, observing that the jeep as it approached the curve was being driven on its left-hand side of the road and on the bus' right-hand side, directed the bus further to the right and commenced to slow down. At about the center of the curve the bus and the jeep collided.

The evidence shows that the bus was so far to its right that its right wheels were on the right-hand shoulder of the road for a distance of 25 feet before the collision occurred. The testimony showed conclusively that the jeep was on its wrong side of the road and ran into the bus. The collision caused the driver to lose control of the bus, which left the highway, running approximately 50 or 60 feet after the collision and ran over and killed Jack Delong.

The stepson, Penix, who was sitting by the side of the decedent, heard the collision, saw the bus coming and was able to get out of the way to avoid injury. The stepson admitted that he and the decedent had some whiskey with them which was thrown away after the accident. The men in the jeep were drunk.

The defense of appellees was that the cause of the accident was due solely and entirely to the negligence of the driver of the jeep.

Upon the basis of the above evidence the jury returned a verdict for the defendant.

Appellant is here seeking reversal on seven enumerated grounds. It is entirely impossible to ascertain exactly what appellant has in mind in his grounds urged for reversal. However, we will attempt to consider the matter in the light most favorable to him.

■ While more or less difficult to ascertain, we conclude that appellant takes the position that since Section 241 of the Constitution provides for the recovery in case of wrongful death and since this was such a case that all that was necessary for him to prove was the life expectancy of the deceased and his earning power and that he was killed by appellant's bus. We cannot close our eyes to the fact that it is also necessary to show that the wrongful death was caused and brought about as the proximate result of the negligence or wrongful act of defendant. Otherwise, there would be an imposition of liability without fault. See Frankfort & C. R. Co. v. Holder's Adm'r, 307 Ky. 11, 209 S.W.2d 722.

■ Complaint is made concerning the instructions. It is contended that any reference in instructions to the actions of the driver of the jeep was wrong and that there was no cause or reason for any such reference. Appellant overlooks the fact that the defendant below contended and introduced proof to show that the negligence of the driver of the jeep was the sole cause of the accident. Certainly such instruction had a place under this evidence.

■ It is charged that the verdict was reached in an arbitrary way and that the jury thought that a suit could be brought against some insurance company and that appellant, consequently, would have no loss. Obviously, under the facts and circumstances of this case, the jury reasonably could question in their own minds why the driver of the jeep was not joined in the action. The mere fact that such conjecture arose in jurors' minds would obviously be no reason for reversal. We, too, can not help but wonder why no action was brought against the person or persons whose negligence was apparently the direct cause of the accident.

Complaint is made because more than a proper number of bystanders were summoned as jurors. It is insisted that the court erred in not drawing names from the drum rather than summoning bystanders. Obviously, proper foundation as a basis for this complaint is not established in this record.

We have complaint about incompetent and irrelevant evidence without any specific direction or the pointing out of any such alleged incompetent evidence.

■■ In conclusion we call attention to the fact that defendants below filed answer alleging contributory negligence. The plaintiff filed no reply traversing that allegation. We have held consistently that an undenied plea of contributory negligence will be taken as true and that failure to traverse such plea will not be deemed to have been waived and a motion for peremptory instruction should be sustained on that ground. See Short v. Robinson, 280 Ky. 707, 134 S.W.2d 594, and the cases cited therein.

■ On the basis of the above if the defendants were entitled to a peremptory instruction, plaintiff cannot on appeal be heard to complain that the instructions as given were erroneous. In Stearns Coal & Lumber Co. v. Douglas, 299 Ky. 314, 185 S.W.2d 385, 387, we said: "* * * as appellee was entitled to a directed verdict it is immaterial whether or not the instructions were correct and it is unnecessary to

discuss them." See also Couch's Adm'r v. Black, 301 Ky. 24, 190 S.W.2d 681.

■ The evidence shows that the driver and occupants of the jeep were all drunk and were driving on the wrong side of the road. There is no evidence pointing to negligence upon the part of the driver of the bus. There was an undenied plea of contributory negligence on the part of the deceased. The evidence was amply competent, almost overwhelmingly so, to support the verdict as returned by the jury.

The judgment is affirmed.