Judge Ewing
delivered the Opinion of the Court.
On the 5th December, 1818, Lewis executed hrs note to Southard and Starr, as merchants and co-partners in trade,. Starr died, and Lewis filed his bill against Southard alone, as survivor of the firm, alleging that said note had been paid off by a parcel of merchandise delivered to said firm, in satisfaction thereof, and setting up a large account against said firm for pottery wares, delivered to them to sell for the complainant, and other articles; and praying that said note might be decreed to be deliv-». ered up to be cancelled, and a decree for the balance of the account.
The Court decreed, that said note should be re-delivered to the complainant, also an accepted order and certain accounts, and that the defendant should pay to him the sum of seven hundred and sixty dollars, and costs: from which decree, Southard has appealed to this Court.
The objection raised in this Court, that the representative of Starr, the deceased partner, is a necessary party, we do not regard as tenable.
It is conceded, that relief may be had in equity, against the representatives of a deceased partner, if the surviving partner be insolvent; for a demand against the firm is equally the debt of both partners, and the death of one partner should not rescue his estate from responsibility. 2 John. Chy. Rep. 509 Hamersley v. Lambert and others. And in the event of an apprehended insolvency of the survivor, we would entertain no doubt, that it would be competent to bring the representative of the deceased partner before the Court in the first instance, with a view of making a full and final disposition of the whole case, and avoiding a multiplicity of suits.
But the rights, duties and responsibilities of the firm, legally devolve, on the survivor, and he may be made, *149 in the first instance, responsible, in equity or law, for the whole demand. He is a trustee upon whom the funds of the firm devolve, and who alone may be looked to by creditors for the payment of demands against the firm.
Proof—deemed sufficient to sustain the decree.
In relation to the merits of the case, we would remark,'That, from the most minute examination of the accounts exhibited on both sides, and of the proof adduced to sustain them, we are satisfied that the decree in favor of the complainant, is not excessive.
The deposition of James Southard, the only witness examined by the defendant, to sustain his accounts, manifests a deep feeling in the witness, in favor of the defendant; and if permitted to have all the weight of the testimony of a disinterested witness, is too. general and unsatisfactory to be much relied on.
He speaks of money being advanced, and goods de-, livered, but”the quantity of goods, or their value, or the amount of money, he cannot specify. Indeed, he seems, to have no personal knowledge or recollection of the items of the account. He believes it correct, but his belief is founded mainly, on his confidence in the correctness of the accounts generally of the defendant, and on some loose recollection of money being paid at different times, and goods being delivered, without specification as to amount, quantity, or value, or the nature of the goods delivered.
The most of the accounts exhibited by the complain» ant, seem to be well sustained by proof. It is true, that the proof is not satisfactory to establish the profit or advance made by the sale of the wares in the distant markets; but there is evidence tending to show, that they were sold at a considerable profit; and it is clear-that the complainant was to have the benefit of the profit.
But taking the Louisville prices, at which the bills of wares were furnished, and allowing all reasonable de-. ductions for credits, and the result will show that the decree was not for too much.
It is therefore the opinion of the Court, that the de?, ^ree of the Circuit Court be affirmed,