Judge Marshall

delivered the Opinion of the Court.
This action of assumpsit was brought by Lawrence; to recover from Clark one half of the amount of a judgment obtained against the former, and paid by him, on a note executed by both as principals.
_It appeared m evidence, however, that Lawrence and Clark were partners in the purchase and sale of horses; that this note was executed by them, for the price of certain horses purchased by them, in the course of their partnership business; that other joint purchases had been made; and other similar notes executed, by them, and that the partnership concern was still unsettled. Under these circumstances, the Circuit Court was of opinion, that an action at law could not be maintained by one partner against the other. And a verdict and judgment having been rendered in conformity with that opinion, its propriety or impropriety is the only question presented for our revision.
A partner may maintain assumpsit against his co-partner, upon a cause of action that was never connected with the partnersnip, or which has been completely separated from it, by explicit acts of the parties; and, perhaps, where the partnership was limited to a single transacation.
In support of the action we have been referred to the case of Pritchard vs Ford, 1 J. J. Marshall, 545, and the authority there cited.
There is nothing, either in the facts of the case of Pritchard vs Ford, or in the decision of the Court as applicable to them, which gives countenance to the action under the circumstances of this case. The opinion delivered in that case recognizes the general rule, “that an action at law cannot be maintained by one partner against another, for a partnership concern,” but proceeds to state several hypothetical cases (none of which are like the present,) which would not come within the rule, or would form exceptions to it; and, on the authority of Gow on Partnership, state the general proposition that—“a partner who pays solely a demand on the firm, may maintain assumpsit for it, especially after dissolution.”
This proposition (without the qualification) is to be found in Gow on Partnership, (Philadelphia Edition of 1830,) page 30. But, on examination of the authorities there referred to, it appears that this particular position was neither involved nor decided in any of the cases. Abbot vs Smith, 2 Blackst. Rep. 947; Merryweather vs Nixon, 8 Term Rep. 186; Evans vs Yeathard, 2 Bingh. 186. In neither of these cases, were the plaintiff and defendant partners, unless they be so called in the case of Merryweather vs Nixon, which was an attempt by one defendant, who had paid the whole of a judgment obtained against him and another for a tort, to enforce contribution from his co-defendant, in an action of assumpsit. But it was not allowed.
It is true, however, that there are cases in which one partner has been allowed to maintain assumpsit against another. But upon examination of such cases, it will be found, as we apprehend, either that the subject matter of the suit had never properly belonged to the partnership concern; as in the case of Smith vs Barrow, 2 Term Rep. 476, or that, if it ever had belonged to the partnership concern, there had been some distinct and explicit act of the parties, by which distinct and separate interests- and liabilities had been created, as in the case of Foster vs Allanson, 2 Term Rep. 479, and Wight against Hun *259 ter, 1 East, 20, and it may be that where the partnership embraces a single transaction, the general rule would not apply.
But we have found no case of a multifarious partnership, in which, while the accounts of the partnership remained unsettled, one partner has been allowed to recover from another, in an action at law, either an alleged excess received by the defendant of a particular debt due to the firm, or the alleged excess paid by the plaintiff, in discharge of a debt due by the firm, unless the particular debt had, in each case, been separated by mutual act of the parties from its connection with their general joint concerns. And we do not perceive any solid ground for distinguishing between the sole payment of a partnership debt by one partner, out of his private means, and the reception and appropriation of an entire partnership debt by one partner for his private use. As between the partners, the duty of contribution in the first case, as well as the right of participation in the latter, depends upon the state of the accounts between them; and for the ascertainment and settlement of those accounts, if they extend beyond the single transaction, the action of assumpsit is not the appropriate remedy, nor a jury the proper tribunal.
Accordingly, we find it laid down in Chitty on Pleading, (1 vol. pa. 45, Springfield Edition, 1833,) “that in case of a general unsettled account between partners, one who has been compelled to pay the whole of a creditor’s demand, cannot sue his co-partner at law.” For this position, which is obviously supported by the same reasons on which the well established general rule is founded, he refers to the case of Robson vs Curtis, 1 Starkie’s Rep. 63; by which the position is fully sustained. Without going into the account between the partners, it is impossible to say that the defendant is debtor to the plaintiff. To say that the plaintiff having shown himself in advance to the firm in this particular transaction, it is incumbent on the defendant to show, if he can, that, by reason of similar advances on his part or otherwise, he is still not indebted to the plaintiff, would be to make a settlement of the accounts in this action, while, on the other hand, it would be obviously unjust, and might, in many *260 instances, lead to great hardships, as it certainly would violate the generally received principles on the subject, to allow one partner, whenever he might pay a particular demand against his firm, to enforce contribution by action at law, without allowing the defendant to show that, notwithstanding such payment, he owes the plaintiff nothing. We do not perceive any safe ground for distinguishing a compulsory from a voluntary payment, as to the right which the one or the other should confer upon a partner. And we do not find in the dicta which have been referred to, sufficient ground for departing from the established general rule, in a case which seems to stand upon the game reasons which support the rule.
Wherefore, the judgment is affirmed.