JOHN DURAND *v.* JAMES A. CUNNINGHAM.

[Abstract Kentucky Law Reporter, Vol. 1—277.
Later reported in abstract, 4 Ky. L. 614.]

**Suits Between Partners.**

> One partner cannot sue another in a court at law for a partnership
> liability until there has been a settlement of the partnership and the
> indebtedness has been ascertained; and since such an account must
> be taken in a court of equity, that tribunal has power to give ample
> relief as between such partners.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 17, 1880.

OPINION BY JUDGE PRYOR:

There is no principle better settled than that one partner cannot
sue another at law for a partnership liability until there has been
a settlement of the partnership and the indebtedness ascertained,
and that such an account must be taken in a court of equity. That
tribunal can give ample relief,—as said by Story in his work on
Partnership (7th ed.), Sec. 221, "It is impossible to know whether
a particular partner be a debtor or creditor of the firm, for, although
he may have advanced large sums of money on account thereof, he
may be indebted to the firm in a much larger amount."

This is the recognized doctrine on the subject, and while the
facts of this record leave but little room to doubt an indebtedness
by Metesser to Cunningham, the chancellor is unable to say as to
the extent of the indebtedness, for the reason that no settlement
has been made of the accounts. The notes having been placed in
the hands of Jas. A. Cunningham, as assignee, with the power to
collect all the claims due the firm and first pay over to J. H. Cun-
ningham the amount due him by Metesser, before anything was
paid to the latter, would authorize an action for the recovery of the
money; but this remedy is by an equitable action to see what that
indebtedness is. The appellant, Durand, claims to own the prop-
erty, and as between him and Metesser his right to it is unques-
tioned. Being a party to the action and the boat subjected to the
payment of Metesser's debt, the error assigned "that no judg-
ment should have been rendered against Metesser" is a sufficient
assignment, and will authorize a reversal if the law of the case de-
mands it.

Metesser is not an appellant, and the judgment against him is

not sought to be reversed; but the appellant, Durand, who claims to be the vendee of the property attached and sold, says that it ought not to have been subjected until it was ascertained in a proper and legal mode that his vendor owed the debt. If the debt is not owing it will be and is the property of appellant, and whether the indebtedness exists to the amount of the note can only be known when the partnership is settled.

We concur with the chancellor below that some relief must be given upon the facts of this record, and while we see nothing in the proof that will authorize the appellant to hold this boat, or any part of it or any interest in it, as against the claim of the appellee, if established, as against the appellant, there must first be a settlement of the partnership accounts in order to ascertain the extent of the liability. This case is in a court of equity, and, the facts demanding the interposition of the chancellor under the prayer for general relief, the pleadings should be allowed to be amended that the case should go to the commissioner for a settlement of the accounts of the partnership, or if a settlement has been had the same should be filed, showing the balance due in an amended pleading; or if an action is pending for a settlement the chancellor may suspend the proceedings until the settlement is had, and when balance due is made to appear the relief to which the appellee is entitled can be given. Inasmuch as amended pleadings may be filed the appellant should be allowed, by additional testimony, if he can, to explain the character of the transactions between himself and Metesser.

Judgment, so far as it affects the rights of the appellant, is *reversed,* but the attachment will remain undischarged until the question of indebtedness, if any, can be determined.

*Russell & Helm,* for appellant.

*W. O. & J. L. Dodd,* for appellee.