CASE 12—PETITION EQUITY—SEPTEMBER 28.

# Warring v. Arthur, &c.

### APPEAL FROM BELL CIRCUIT COURT.

1. PARTNERSHIP—CONTRIBUTION.—To entitle one of several partners
   to maintain an action against his co-partners for contribution
   on account of sums which he has paid to creditors of the firm in
   excess of his proportion of the partnership indebtedness, he must
   allege that there has been a settlement of the partnership ac-
   counts or an accounting between the parties showing a balance
   in his favor.

2. SAME.—In this action in equity by a partner against his co-part-
   ners for contribution, a settlement of the partnership accounts
   can not be had under a prayer for general relief.

3. SAME.—As a general rule, partners must contribute, ratably to
   their shares, towards the losses and debts of their firm.   And
   while the court does not decide that this must be the basis of a
   recovery in every such case, yet attention is called to the absence
   from the petition in this case of any allegation as to the respect-
   ive interests of the partners among whom the loss is sought to be
   apportioned.

4. FAILURE OF CORPORATION TO ORGANIZE AS REQUIRED BY STAT-
   UTE—MUTUAL LIABILITIES OF STOCKHOLDERS.—Where a corpora-
   tion attempted to be organized under chapter 56 of the General
   Statutes never became a corporation because of the failure to
   comply with the requirements of the statute, and one of the
   stockholders, in a suit brought by creditors of the proposed cor-
   poration for that purpose, was compelled to pay large sums of
   money on account of the venture, the question as to the mutual
   obligations of the stockholders is an interesting one, but not
   necessary to be decided in this case.

BOSWORTH & PLAYFORD and G. W. SAULSBERRY for appel-
LANT.

Where a company acts as a corporation without having been legally
incorporated the members are liable as partners for all the debts
of the company. (Cincinnati Cooperage Co. v. Bate, 14 Ky. L. R.,
141, 469; s. c., 96 Ky., 356.)

J. W. ALCORN, CHAPMAN & SAMPSON and T. G. ANDERSON for
APPELLEES.

1. Plaintiff can not maintain this action, even though he and defend-
ants were partners, as alleged, as a partner can never maintain
an action for contribution until there has been an accounting
and settlement, showing what is due him after striking a balance.
(Stone v. Mattingly, 14 Ky. L. R., 114; Shearer v. Francis, 9 Ky.
L. R., 556; Lawrence v. Clark, 9 Dana, 259.)
2. Where there is an effort to incorporate and a failure to comply
with the law this does not make the stockholders liable as part-
ners as between themselves. (Cook on Stock and Stockholders,
3 ed., sec. 234; 17 Am. & Eng. Enc. of Law, 866; National Bank v.
Langdon, 45 N. Y., 410; Dewitt v. Hastings, 69 N. Y.. 518; Jessup
v. Carnegie, 80 N. Y., 441; Central City Savings Bank v. Walker,
66 N. Y., 424; Blanchard v. Kaul, 44 Cal., 440; Gartside Coal Co.
v. Maxwell, 22 Fed. Rep., 197; Planters' Nat'l Bank v. Padgett,
69 Ga., 169; Stafford Nat'l Bank v. Palmer, 47 Conn., 443; Ward
v. Brigham, 127 Mass., 24; Central City Savings Bank v. Walker,
66 N. Y., 424; Jessup v. Carnegie, 80 N. Y., 441; s. c., 36 Am. Rep.,
643; 2 Morawetz on Private Corp., section 748.)

Cases explained: Robinson & Co. v. Harris, 5 Ky. L. R., 973;
Cincinnati Cooperage Co. v. Bate, 96 Ky., 356; Fuller v. Rowe, 57
N. Y., 26.

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant in the Bell Circuit
Court, alleging the existence of a partnership between him-
self and appellees, and seeking to enforce an alleged right
of contribution from appellees of certain sums which he
claimed to have paid in excess of his proportion of the part-
nership indebtedness.

It is charged in the petition that this partnership relation

arose by operation of law, out of the fact that appellant and some of the appellees had, in the year 1890, signed articles of incorporation and undertaken to organize a corporation in the town of Middlesborough, under chapter 56 of the General Statutes of Kentucky, and that all of the appellees had subscribed for and become the owners of stock in this proposed corporation, which had never, in fact or in law, become a corporation, by reason of the failure of the projectors thereof to comply substantially with the requirements of the statute regulating the formation of corporations in Kentucky.

It is alleged, however, that this abortive corporation commenced business and incurred liabilities which it was unable to pay, and that the defects in its organization being discovered, and the fact that it had no legal corporate existence becoming known to some of its creditors, suits were brought against appellant to charge him individually as one of the incorporators and stockholders thereof, and that he had then been compelled to pay on its account the sum of thirteen hundred and twenty-seven dollars and sixty-eight cents.

It is further alleged that by reason of the failure to become legally incorporated, the relation between appellant and his associates became that of partners and that they all became equally liable to creditors for said indebtedness, and that he was entitled to contribution from the others for their respective proportions of the amount paid by him individually. It is stated, however, that of his several associates, only two, to-wit, the appellees, John M. Brooks and R. H. Fox, were, at the time of the filing of the petition, either solvent or within the jurisdiction of the court, and appellant therefore asked that they be required to contribute equally with him the amount he had so paid out and asked judg-

ment against each of them for an amount equal to one-third thereof, or $442.56.

To this petition a general demurrer was sustained by the court, and leave being given to amend, appellant, at a subsequent term of the court, filed an amended petition in which he alleged, for the first time, that the company or partnership referred to in his original petition was insolvent at the time of the filing thereof; that it never had any invested capital; that its business had been done on credit; that it had long since ceased to do business; that all the property it ever had had been sold by order of court; that from the time of the attempted organization it had been insolvent and had long since been dissolved. To the petition as thus amended, appellees Fox and Brooks again demurred, but their demurrers being overruled, they excepted and were given time to answer. Separate answers were afterwards filed by these appellees, to which appellant filed replies, and also general and special demurrers, which were not then passed upon by the court, and separate rejoinders were then filed by Fox and Brooks, thus making up the issues on the pleadings. Appellant testified in his own behalf, Brooks gave his deposition, and a written statement by Fox, which was agreed to be read as his deposition, was filed, and these, with the exhibits attached to them, constituted the evidence heard upon the trial. Upon the hearing, the court below overruled the demurrers filed by appellant to the answers of Brooks and Fox respectively, but on the merits, adjudged that appellant take nothing by his petition and dismissed the same with costs, to all of which appellant excepted and prayed an appeal.

The record before us presents some questions of more than ordinary interest, especially that arising on the merits of the case as prepared, and pertaining to the mutual obli-

gations to each other, of parties standing in the relation of the parties to this action, but, interesting as a consideration of that question might be, it is unnecessary, in our view of the case, and the decision of the court will be based entirely upon the sufficiency of appellant's petition to sustain the action against appellees.

It is to be observed that the liability sought to be fixed by appellant on appellees is that of partners. The very foundation of the action rests upon the assumption that the failure of these parties to pursue, substantially, the course pointed out in and required by the statute for the organization of a corporation, made them partners in this business, and a partnership being thus established by operation of law, this action for contribution as between partners was brought to charge each with his proportion of what one member thereof had been compelled to pay on account of partnership liabilities. Yet, it is nowhere alleged in the petition as amended, nor is it anywhere claimed in the case, that there had ever been any settlement of the partnership accounts, or any accounting between the parties whereby a balance had been struck, or whereby the appellees were found to be indebted to the firm in any sum on final settlement.

That this is, as a general rule, necessary, in order to enable one partner to maintain an action of this kind against his co-partners, is too well-settled to require discussion. Where the transaction out of which the liability arises is independent of or outside of the partnership business, or where the partnership covers a single venture or but one transaction, so that no accounting is necessary, the rule is perhaps different, but, in a business, such as the one under consideration here, covering a variety of transactions, we know of no exception to the rule as above stated.

This rule is recognized by this court in the cases of Lawrence v. Clark, 9 Dana, 259; Shearer v. Francis, 9 Ky. Law Rep., 556, and Stone v. Mattingly, 14 Ky. Law Rep., 114, and may be said to be fundamental as to the right of one partner to sue his co-partner.

It is true that this action was brought in equity and that the petition contains a prayer for all general relief, but it does not ask for a settlement of the partnership accounts or for a winding up of its affairs.    It does state that the partnership is insolvent, but it nowhere says anything as to the nature or amount of its indebtedness, and while it alleges that appellant has made these payments for it, it takes no account of the fact that other members of the firm may also have paid out money for it, as Brooks, in his testimony, swears that he has done.    And this shows the importance of the rule referred to, for how could this one partner have known the state of the account between this firm and each of the other partners, when there had been no settlement of the partnership accounts, and how unreasonable it would be to allow him to maintain an action against each of the others for their full proportion of what he might have paid, without reference to the question as to what they may have paid.    In other words, how can there be any fair or just contribution, or any claim to contribution, as between partners, until after a final settlement and ascertainment of the exact state of the account of each partner, and a full settlement of the partnership affairs?    Admitting all that is alleged in this petition to be true, it might well be that appellant was entitled to recover nothing from his partners by way of contribution on account of what he had paid, for, as there is no pretense that the partnership accounts have ever been settled, it might appear on such settlement that appellant was still indebted to the partnership in a large sum,

and that his partner had actually paid for it much more than he had done. Indeed this very claim is here made by his partners. It is charged by them that though he subscribed for stock to the amount of $2,500, yet he has paid for no part of it, and while he claims that it was agreed that he should not pay for it, still Brooks and Fox deny that there was any such agreement. We only refer to this, however, as illustrating the imperative necessity for, and the eminent propriety of, the rule which forbids that such an action be maintained in the absence of a full settlement of the partnership affairs, which will show the exact state of the account between it and every other person, and especially the other members of the firm, so that the claims and demands of the partners, as between themselves, may be known.

Another point to which attention may be called is the fact that this petition fails to state that this alleged partnership was an equal partnership, or that the appellees, Fox and Brooks, who are each asked to contribute equally with appellant, are equally interested with him in the partnership. It appears from the record that appellant subscribed for $2,500 of the stock, while each of the appellees named subscribed for $1,000 of the same. The fact that they were stockholders is the fact relied on for holding them liable as partners. Mr. Lindley in his work on partnership lays it down, as a general rule, "that partnerships must contribute, ratably to their shares, toward the losses and debts of their firm" (Lindley on Partnership, Vol. 2, p. 386), and this we think is the accepted doctrine on the subject. Certainly any other rule would be very inequitable in this case and, while we do not care to decide that this must be the basis of recovery in every such case, yet we would call attention to the absence from the petition in this case of any allega-

tion as to the respective interests of the partners among whom this loss is sought to be apportioned.

In conclusion, it is clear from the views above expressed, that no error was committed by the court below to the prejudice of appellant, and the judgment dismissing his petition, with costs, is therefore affirmed.