## Lawson v. Davis.

(Decided March 3, 1922.)

### Appeal from Garrard Circuit Court.

1. Principal and Surety—Relief of Surety.—One joint obligor may maintain an action in equity, under section 661, Civil Code, to require another to pay to the creditor, the portion of the debt, which as between themselves, the other ought to equitably pay; but, he cannot recover a judgment, in his own name and for himself, for any portion of the debt, which he has not himself first paid.

2. Principal and Surety—Relief of Surety.—A joint obligor who has paid a debt can maintain an action, at law, against a co-obligor, to recover such portion of the obligation of his co-obligor, as between themselves, the co-obligator should pay.

3. Partnership—Contribution—Action Against Co-partner.—As a general rule, one partner cannot maintain an action, at law, against a co-partner, for contribution, on account of debts of the partnership, which he has discharged, until, there is a settlement of the partnership affairs, but, this rule would not apply to a partnership where there are no assets, and but one obligation.

4. Partnership—Transaction of Partnership Affairs.—In the transaction of partnership affairs, one partner can not carry on for his own benefit, and can not make deals for his own benefit, and exclude the partnership from the benefits of it.

C. C. WILLIAMS for appellant.

E. V. PURYEAR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

One V. A. Lear sued the appellee, J. D. Davis, to recover of him the sum of $890.00. He alleged that Davis contracted to deliver to him, on the market at Cincinnati, a car load of hogs to weigh not less than 20,000 pounds, on the 1st day of October, 1917, and for which he agreed

to pay to Davis 10¼ cents per pound upon delivery; that Davis failed and refused to deliver the hogs, which on that day at the place of delivery were of the market value of 19.15 cents per pound; that Davis thereby broke and violated the contract to the damage of Lear in the sum of $1,780.00; that Davis paid to him one-half of the damages, but had failed to pay the remainder, and was yet indebted to him in the other half, or the amount sued for, and prayed judgment against Davis for that sum.

Davis answered, but did not controvert any of the averments of the petition of Lear, nor seek in any way to avoid his cause of action, but he made his answer a cross petition against the appellant, Lawson.    In this, he averred that the transaction referred to in the petition came about and was as follows: That he and Lawson agreed that they would enter into a contract with Lear, by which they would contract to deliver to him, upon the market at Cincinnati, a car load of hogs of the weight, quality and at the price and at the time mentioned in the petition; and that in the venture they were to share the profits and losses equally; and further that Davis should go to Lear and make the contract with him for them, and that in accordance with this agreement, Davis approached Lear and entered into the contract with him, as stated in the petition, but without divulging to Lear the fact that Lawson was a partner with him; that they failed to comply with their contract to deliver the hogs at the time required and thereby caused Lear to suffer the damages sued for, and that he, Davis, had paid to Lear one-half of the damages suffered, and that as between him and Lawson the latter should be required to pay the remainder of the damages, and prayed for all proper relief.

The appellant, Lawson, filed an answer to the cross petition of Davis in two paragraphs, the first of which was a traverse of the cross petition, and in the second he averred affirmatively that he and Davis had agreed to buy two car loads of hogs on the Cincinnati market, but it was understood and agreed between them that no hogs were to be delivered, and their contract was intended as a mere wager upon the price of hogs upon the market at the times agreed upon for their purchase; that they suffered a loss of $——— upon the first car load, and thereafter he and Davis had a settlement and he paid to Davis the sum of $380.00, which was one-half of the loss upon the first car load of hogs, and that at that time it was further agreed between them that he should be released

from the contract to purchase the car load of hogs on the Cincinnati market on October 1st, 1917. He did not aver that this was the same or any part of the transaction mentioned in the petition of Lear, or the cross petition of Davis, and it seems from the pleading impossible to be the same as the transaction in the cross petition related to a transaction to sell and deliver hogs, and not to the purchase of hogs. The affirmative allegations of the answer of Lawson were by order controverted upon the record.

At the close of the evidence for Davis, and at the close of all the evidence, Lawson moved the court to direct the jury to find a verdict for him, but these motions were overruled.

A trial by jury resulted in the verdict of $890.00, the amount sued for, in favor of Davis against Lawson, and the court rendered a judgment accordingly.

The motion of Lawson for a new trial was overruled, and he has appealed.

Lawson and Davis, composing a partnership in the transaction with Lear, if they failed to keep their contract with Lear, the damages resulting therefrom were an obligation of the partnership, and either Lawson or Davis might be compelled by Lear to pay the entire amount of the damages. Sothard v. Lewis, 4 Dana 148; Fennell v. Myers, 25 K. L. R. 589. In their relations to Lear, they were joint obligors, and one obligor cannot maintain a suit in his own behalf to recover a judgment for his own benefit, as against other obligors on account of any debt of them all, unless he has first paid the debt, and then he may sue at law for contribution. Lawrence v. Clark, 9 Dana 257; Warring v. Arthur, 98 Ky. 34; Sebastian v. Booneville, etc., 22 K. L. R. 186; Whitesides v. Collier, 7 Dana 283; Dupuy v. Johnson, 1 Bibb 562; Mitchell v. Sprull, 5 J. J. M. 264. As regards partners, the general rule is that one cannot maintain an action at law for a balance due him from the partnership, until a settlement of the partnership affairs is had, nor can he maintain a suit at law against his partner for contribution for losses that he has sustained for the partnership, until a settlement is had of the partnership, and the liabilities of each partner as between themselves is determined, but an action may be maintained in equity to ascertain this. In the present case, however, there being no assets and but one liability, it would be unnecessary to go into equity to determine the rights of the partners by a settlement, but the only action which Davis could maintain against Law-

son, not having discharged the part of the partnership debt sued for himself, would be to require Lawson to discharge to Lear the equitable portion of the liability which Lawson ought to bear as between him and Davis, and this can be done in equity only as authorized by section 661, Civil Code. The cross petition of Davis does not seek to recover from Lawson any portion of the liability of the partnership which he had paid to Lear, but, it only seeks, as provided in section 661, *supra,* to require Lawson to pay to Lear, such proportion of the liability, as was equitable between Davis and Lawson. Hence, there could not be any recovery nor any judgment in favor of Davis for his own benefit as against Lawson for the unpaid part of the obligation. He has not paid any part of the sum of money for which he recovered judgment against Lawson, and may never do so, and Lawson would then be left obligated to pay the debt to Lear, although Davis has a judgment against him for the amount of the demand. Davis having shown no right to recover any sum, nor to have a judgment in his own behalf against Lawson, the motion for a directed verdict in favor of Lawson as against Davis should have been sustained.

Conceding that Davis was entitled to recover a judgment requiring Lawson to pay to Lear, an equitable portion of the obligation, it is clear, that the amount which the jury was peremptorily instructed to award, was a greater sum than the evidence justified or was shown to be the equitable portion which Lawson ought to bear as between him and Davis. The jury was instructed to find against Lawson the sum of $890.00, unless the evidence led to the belief, that the contract between Davis and Lawson was a mere wager on the price of hogs, or that by a settlement between them the damages had been paid, in either of which events, it should find for Lawson. As heretofore stated under the instructions, the jury found against Lawson in the sum of $890.00, and upon this verdict the court rendered a judgment in favor of Davis against Lawson for the recovery of the amount of the verdict, and the costs. Davis alleged in his answer and cross petition that he and Lawson were partners in the contract with Lear, and that each of them was to furnish one-half of the hogs, and each was to bear one-half of the losses and receive one-half of the profits. He testified that the contract which he entered into with Lear for himself and Lawson was that they would deliver to Lear in the market in Cincinnati two car loads of hogs,

each weighing not less than 20,000 pounds, the first car load to be delivered in March, 1917, and the other on October 1st, 1917, and for the first of the cars, Lear agreed to pay 11¼ cents per pound, and for the second 10¼ cents per pound. The partnership failed to deliver the first car load of hogs in March, and the difference between the price at which Lear had contracted to buy the hogs, and their market value in Cincinnati, at the time was $770.00, and that he and Lawson each paid one-half of this sum in settlement of the damages. He further deposed that previous to that time he had contracted to deliver to Lear another car load of hogs, in which contract he had no partner, and that he and one Ross as partners had contracted another car load to Lear, and that neither of these contracts had been kept, and on the same day that he paid Lear the damages for the failure of himself and Lawson to deliver the car load of hogs in March, he made a compromise with Lear and paid to him $1,500.00 in settlement of the damages suffered for failing to keep the contract to deliver the car which he had contracted on his own account, the car load that he and Ross had contracted to deliver, and one-half of the damages to be suffered by Lear on the failure of himself and Lawson to keep the contract to deliver the car on the first day of October, 1917, and it is not clear whether or not the car load which they had contracted to deliver in March was included in the settlement for $1,500.00. For the purpose of settling damages for a breach of the last mentioned contract, Davis confessed a breach of it six months previous to the time that it was to be performed. Lawson by his answer denied that Davis had paid one-half of the damages for the breach of the contract to be performed on October 1st, or any part of them. Lawson deposed that Davis said to him, when he gave him the check for the $385.00 that Lear had released them from the contract to deliver the car load of hogs on October 1st. An ancient and well established rule of partnership is that partners are the agents of each other, and one partner is not allowed in transacting the partnership affairs to carry on for his own benefit, nor appropriate to himself the benefits which ought to go to the common advantage of the firm. White v. Jouett, 147 Ky. 205; 30 Cyc. 458; Johnson v. Chambers, 180 Ky. 73; Lindsay v. Smith, 3 K. L. R. 252. In the case last mentioned, *supra,* a partner took up a debt of the firm by executing his individual note for it, and afterwards satisfied the note by paying forty cents

on the dollar, and it was held, he could not require his co-partners to contribute to him as if he had paid the note in full, but only for the amount that he had actually paid in discharge of the note. Hence, if it be conceded, that the claim of Lear for damages on account of the breach of contract to deliver the hogs on October 1st is a valid obligation of the partnership, as between themselves, Davis and Lawson each owe one-half of it, and Davis cannot require Lawson to pay more than one-half of it, as it is the only obligation of the partnership, and if Davis, by a transaction with Lear, satisfied one-half of the damages, at a less sum than $890.00, which is alleged to be one-half of the damages, as between them, Lawson is entitled to an equal benefit with Davis of the reduction. As an illustration, if Davis by the transaction with Lear satisfied one-half of the damages, at an outlay of $100.00, and estimating the entire damages to have been $1,780.00, he thereby reduced the obligation $790.00. which would leave the liability $990.00, and Lawson could only be required by Davis to pay one-half of this, or $495.00. Hence in place of a trial by jury and a judgment· in favor of Davis against Lawson, the case should have been transferred to the equity side of the docket, and the portion of the liability, if any, which Lawson was equitably entitled to bear as between him and Davis, ascertained. and then the judgment should have been rendered in favor of Lear against Lawson for that sum, as the only action which Davis could maintain touching the unpaid portion of the obligation was an action in equity, under section 661 of the Civil Code, to require Lawson to discharge his equitable portion of the obligation, and to cause a judgment to be rendered in favor of Lear against Lawson for it.

The recovery of any sum by Davis for himself against Lawson, upon the record, being erroneous, the judgment must be reversed, and upon a return of the cause, he may amend his pleadings if he desires, and upon a transfer of the cause to the equity side of the docket, and when it is ascertained, the amount of the liability, which Lawson ought to equitably bear, as between him and Davis, a judgment may be rendered in favor of Lear against Lawson, therefor, but if Davis has paid Lear, the entire liability, or more than his equal share, of it, he can amend his pleadings and proceed at law against Lawson for contribution consistent with the principles of this opinion. Having arrived at the above conclusions, it is un-

necessary to consider the defenses of Lawson, as this opinion does not preclude any defense, in law or equity, he may have.

· The judgment is, therefore, reversed and cause remanded for further proceedings, consistent with this opinion.