BARTON v. FARMERS' STATE BANK OF BERTRAM et al. (No. 6743.)

(Court of Civil Appeals of Texas. Austin. May 7, 1924. Rehearing Denied June 11, 1924.)

**1. Bills and notes ⬉⇒59 — Person not signing note not liable in suit thereon.**

Under Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—18), one who does not sign a note in any manner cannot be held liable in suit thereon.

**2. Parties ⬉⇒51(4)—Maker sued on note cannot implead as cross-defendant undisclosed principal.**

Maker of note sued on cannot, over plaintiff's objection, implead as cross-defendant undisclosed principal, or co-obligor on collateral agreement, unless plaintiff has cause of action against them to which maker may be subrogated.

**3. Contribution ⬉⇒6 — Maker cannot implead others for contribution who, by collateral agreement, are liable on note.**

Maker, sued on note, cannot, over plaintiff's objection, for purpose of seeking contribution, implead by cross-action others who, by collateral agreement, have become bound with him to pay note, unless he shows he has paid joint obligation or more than his part thereof.

**4. Contribution ⬉⇒4—Suit for proportionate part of joint indebtedness is for contribution.**

A suit where one party seeks to recover against another proportionate part of joint indebtedness is one for contribution.

**5. Contribution ⬉⇒6 — Co-obligor must pay more than his share of common debt before he can have contribution.**

Payment by one co-obligor of more than his proportionate part of common debt must be made before he has cause of action against another co-obligor for contribution.

**6. Parties ⬉⇒51(4)—Dismissing cross-action for misjoinder of parties and cause of action held proper.**

Where, in cross-action, maker of note asserted that it was agreed that he should sign and that cross-defendant should become jointly liable for payment, his cross-action was properly dismissed as being effort on part of co-obligor seeking contribution from another without having alleged payment of any part of joint obligation, or without alleging that defendant maker seeking contribution had paid more than his part.

**7. Pleading ⬉⇒228—Special exceptions as to misjoinder of parties and causes of action held not too late.**

Where defendant's second amended original answer and cross-petition superseded and took place of all his pleadings theretofore filed, it was within trial court's discretion to permit plaintiff's supplemental petition, filed on same date, setting up special exceptions on ground of misjoinder of parties and causes of action.

**8. Pleading ⬉⇒333—Permitting belated pleadings within court's discretion.**

It is always within sound discretion of trial court to permit belated pleadings to be filed.

**9. Parties ⬉⇒51(2)—Within trial court's discretion to refuse to permit additional parties at such time and manner as to delay trial.**

Under Rev. St. art. 1848, it is within trial court's discretion to refuse to permit additional parties to be brought into suit at such time or in such manner as to delay trial unreasonably.

**10. Parties ⬉⇒51(4)—Refusal to permit new parties in action on note held not abuse of discretion.**

In view of Rev. St. arts. 1842, 1896, there was no abuse of discretion for trial court to refuse to permit joining by one co-obligor of another to suit by payee of note, before impleading co-obligor had paid anything on it.

**11. Limitation of actions ⬉⇒28(2), 49(6) — Contribution governed by implied contract limitation; co-obligor cannot lose right of action against other co-obligor by limitation until he has paid debt.**

Limitation applicable to action for contribution is that fixed for implied contract, and, as right to enforce it is not complete until pay-

---

ment or discharge in whole or in part of joint debt, limitation does not commence to run against claim for contribution until complainant has paid the common debt, or more than his share of it.

Appeal from District Court, Burnet County; J. H. McLean, Judge.

Action by the Farmers' State Bank of Bertram against Lee R. Barton and another. Judgment for plaintiff against defendant named, and he 'appeals. Affirmed.

White, Wilcox, Graves & Taylor, of Austin, for appellant.

Hammond, Christian & Hammond,· of Burnet, for appellee Farmers' State Bank.

W. H.· Nunn, of Georgetown, for appellee Hutto.

BLAIR, J. This suit was instituted by appellee bank, seeking to recover on a note for the sum of $5,000, executed by appellant, dated November 29, 1921, and made payable to appellee Farmers' State Bank of Bertram, Tex., on demand. Appellant, Barton, filed an original answer and a cross-action, making appellee Hutto a party defendant, and later filed his second amended. original answer and cross-action, on which he went to trial. Appellee Hutto specially excepted to appellant Barton's cross-action, on the ground of misjoinder of parties and causes of action. Appellee bank also specially excepted to appellant Barton's answer and cross-action, on the ground of misjoinder of parties and causes of action, and that defendant's cross-action "shows on its face that, should said Hutto be made a party defendant herein, other parties defendant will necessarily have to be made in this cause, whereby the trial of said cause will be delayed to the injury of, and without fault on the part of, plaintiff herein; the said J. T. Hutto not being a necessary party thereto." The court sustained the special exceptions of both appellee bank and Hutto, to which appellant excepted. It thereupon instructed the jury to return a verdict for appellee bank on the note, and accordingly rendered judgment, to which appellant excepted.

The cause having been decided on the exceptions to appellant's pleading, and the appeal being predicated thereon, we will set forth, in substance, the allegations of the answer and cross-action.

This pleading alleges, in substance, that the note sued on is the joint and several obligation of J. T. Hutto, R. A. McCann, and appellant; that prior to its execution these three were interested and directors in a joint-stock company organized to prospect for oil; that 'they agreed to finance this enterprise; that pursuant to such agreement they borrowed money from various named banks, including appellee bank; that the notes evidencing these loans were signed by these three, parties, except in the case of notes evidencing money borrowed from appellee bank, which, in each instance, were signed alone by appellant, Barton, because the said Hutto and McCann were during such times directors of and the managing officers of appellee bank and were its president and cashier, respectively, and deemed it "unadvisable" to sign the notes to appellee bank; that it was agreed between them that Barton alone would sign the notes, but that Hutto and McCann should and would be jointly and severally liable on the said notes, including the one sued on, with Barton; all of which facts were alleged to have been known by the appellee bank, and that the appellee bank was a party to all of said agreements and transactions; that Hutto and McCann became jointly and severally liable with appellant on said notes herein sued on; that appellee bank was entitled to recover judgment against Hutto and appellant jointly on said note, McCann being insolvent. It was pleaded, in the alternative, that appellant, Barton, was entitled to recover against Hutto for any excess of over one-half of the amount of the note in suit which appellant might be compelled to pay by reason of this suit, and appellant was entitled to a judgment therefor against Hutto. It was further alleged, in the alternative, that, if Hutto and McCann did not become obligated to pay the note in suit, then it is alleged that the money was borrowed from appellee bank for the joint use and benefit of said Hutto, McCann, and appellant and in pursuance of said agreement, and that the proceeds were used to promote their joint oil enterprise, at the instance and request of Hutto and McCann, who agreed to become jointly and severally liable' with appellant for such indebtedness, and Hutto, because of the insolvency of McCann, was liable to Barton for any sum the latter might pay on said indebtedness in excess of one-half the note in suit, and for which amount Barton asked judgment against Hutto in the event judgment should be rendered against him (Barton) in favor of appellee bank on the note in suit.'

We are indebted to counsel for the able briefs filed and for the research they have· made of apparently all the authorities pertinent to the issues here raised.

We have concluded that the trial court correctly sustained the special exceptions complained of by appellant to his answer and cross-action.

The following propositions of law seem to govern this appeal:

[1] A person who does not sign a note, in any manner, cannot be held liable in a suit on the note. Negotiable Instruments Act, art. 6001—18, Supp. 1922, Vernon's Civil Stat.; Tex. L. & C. Co. v. Carroll, 63 Tex. 48; Shuey v. Adair, 18 Wash. 188, 51 Pac. 388; 39 L. R. A. 473, 63 Am. St. Rep. 879; Mineral B. Bank v. Elking L. Co., 173 Mo. App. 634, 158 S. W. 1066; 8 C. J. § 82, pp.

61, 62; Adams v. Bank (Tex. Civ. App.) 178 S. W. 993. The reason for this rule is that each party who takes the note makes his contract with the party who appears on the face of the note to be bound for its payment, and no parol evidence is admissible to charge any person on a note unless his name is in some way disclosed upon the note itself. Daniels on Negotiable Instruments, § 303; T. L. & C. Co. v. Carroll, 63 Tex. 51; Sanger v. Warren, 91 Tex. 472, 44. S. W. 477, 66 Am. St. Rep. 913.

It is not violative of the policy of the law and procedure of this state, to avoid a multiplicity of suits, for a trial court to refuse to try all issues raised, where the pleadings do not show on their face that such issues grew out of and were a part of the same transaction upon which the suit is based.

A suit on a note against the maker is not the same transaction as a suit against the maker of the note and others, not signers, upon a collateral agreement that each should and would be bound jointly and severally for the payment of the note. The first suit is founded on the note, while the latter is founded on a breach of contract to pay. A plea by the parties not signing the note of the agreement in reference to its payment would be good in bar of a recovery on the note.

It was held by this court, in the case of Adams v. Bank, supra, that—

"While an undisclosed principal cannot be held as a party to a bill or note, he may nevertheless be held liable for the debt." Citing authorities.

[2] A maker of a note who is sued thereon cannot, over the objection of the plaintiff, implead as a cross-defendant an undisclosed principal, or a co-obligor upon a collateral agreement, unless the plaintiff to the suit has a cause of action against said undisclosed principal or co-obligor to which the maker of the note in suit is entitled to be subrogated. In Adams v. Bank, supra, the court used the following language on this point:

"We think it is well settled in this state that one who, as between himself and a defendant in any suit, is the principal obligor may be impleaded by such defendant, and that such defendant may have judgment over against such primary obligor. Kings v. Parks, 26 Tex. Civ. App. 95, 63 S. W. 900; Haberzettle v. Dearing (Civ. App.) 80 S. W. 539; Key v. Fouts, 44 Tex. Civ. App. 424, 99 S. W. 448; Hume v. Perry (Civ. App.) 136 S. W. 595; Courchesne v. Fuel Co. (Civ. App.) 155 S. W. 684; Love v. Keowne, 58 Tex. 200; Underwriters v. Railway Co., 31 Tex. Civ. App. 104, 71 S. W. 419; Ins. Co. v. Houston (Civ. App.) 110 S. W. 973. In such case it is immaterial that the obligation of indemnity arises upon a collateral contract or by force of law. As we have seen in Ft. Worth v. Allen, supra, it is the policy of our law to permit such joinder, even in cases of tort, where one party is, as between the defendants, primarily liable. We are in full accord with the statement of the court in that case, wherein it is said: 'It has always seemed to us just and right that the one who is ultimately liable should be made a party to the suit in which the amount of his liability is to be fixed.' "

[3, 4] A maker of a note who is sued thereon cannot, over the objection of the plaintiff, for the purpose of seeking contribution, implead by cross-action others who by a collateral agreement have become jointly and severally bound with him to pay the note, unless he shows he has paid the joint obligation, or more than his part thereof. A suit where one party seeks to recover against another a proportionate part of a joint indebtedness is one for contribution.

"Contribution has been defined to be the payment made by each or any of several holding a common interest of liability of his share in the loss suffered, or the money necessarily paid by one of the parties in behalf of the others." 13 C. J. 821.

"The doctrine of contribution rests on the principle that when the parties stand in æquali jure the law requires equality, and that one shall not be required to bear a common burden in case of the rest." 13 C. J. 821.

"The right of contribution is inchoate from the date of the creation of the relation between the parties, but is not complete so as to be enforceable until there has been an actual payment in whole or in part of the common obligation, or till something is done which is equivalent to a discharge thereof." 13 C. J. 823.

[5] It is well settled in this state that payment by one co-obligor of more than his proportionate part of a common debt must be made before a cause of action exists in favor of him against another co-obligor for contribution. 13 C. J. pp. 821, 823; Elliott on Contracts, §§ 1490 and 1491; Twichell v. Askew (Tex. Civ. App.) 141 S. W. 1072; Zachry v. Peterson (Tex. Civ. App.) 171 S. W. 494; Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Hoxey v. Bank, 20 Tex. Civ. App. 462, 49 S. W. 637; Willis Bros. v. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842; Frew v. Scoular, 101 Neb. 131, 162 N. W. 496, L. R. A. 1917F, 1068, Ann. Cas. 1918E, 511; Lawson v. Davis, 194 Ky. 67, 238 S. W. 402; Glasscock v. Hamilton, 62 Tex. 154.

[6] Appellant's pleadings disclose that he alone signed the note. The collateral agreement pleaded also shows him jointly and severally bound to pay the note. No secondary liability is pleaded by reason of the collateral agreement with appellee Hutto. No agency is pleaded whereby appellant would have the right of subrogation in the event the bank recovered judgment against him. On the contrary, appellant asserts that it was agreed that he should sign the note and that he and appellee Hutto should become jointly and severally liable for its pay-

ment, and asks that they be jointly and severally held in this suit. In the alternative, he asserts, that Hutto should be held to pay him any sum over one-half of the amount of the note in suit which he, appellant, might be required to pay. The cross-action is therefore an effort on the part of one coobligor seeking contribution of another coobligor, without having alleged payment of any part of the joint obligation, or without alleging that he who seeks contribution has paid more than his part of the joint obligation. We therefore conclude that the trial court was not in error in dismissing the cross-action on the ground of a misjoinder of parties and causes of action.

[7] Appellant also insists that appellee bank's special exceptions as to misjoinder of parties and causes of action, and that it would be injured without fault by the delay that would necessarily follow if Hutto be made a party, came too late. The history of the pleadings in this case is as follows: December 14, 1922, appellant, Barton, filed his original answer and cross-action, making appellee Hutto a party, and on January 1, 1923, being the first day of the term of court at which this cause could be tried, he filed his first amended original answer and cross-action. On January 2, 1923, Hutto filed his amended original answer, by which he excepted to Barton's cross-action, on the ground of misjoinder of parties and causes of action. On the same day the court sustained this exception. Appellant, Barton, took leave to amend, and on the following day, January 3, 1923, filed his trial amendment. The court took no action on the trial amendment, and on the same day, January 3, 1923, the cause was continued by agreement of the parties. On May 29, 1923, the day on which the next succeeding term of court convened, appellant, Barton, filed his second amended original answer and cross-action. On May 29, 1923, appellee Hutto again filed his exception to said answer and cross-action, on the ground of a misjoinder of parties and causes of action, and on the same day the court overruled it. Thereupon appellee bank, with leave of the court, on the same day, May 29, 1923, filed its first supplemental petition, setting up the three special exceptions hereinbefore set forth. Appellant, Barton, filed a motion to strike out this supplemental petition, on the ground that it came too late, which was overruled by the court and an exception taken. The court thereupon, on May 29, 1923, sustained appellee bank's three special exceptions and reversed its order overruling appellee Hutto's special exception as to misjoinder of parties and causes of action and also sustained it, to which appellant excepted.

[8] We think the court correctly overruled the motion to strike out appellee bank's supplemental petition. The second amended original answer and cross-action filed by appellant, Barton, on the 29th day of May, 1923, superseded and took the place of all his pleadings theretofore filed. Hutto had been dismissed from the suit on his exception at the term of the court preceding, and it was upon this pleading that he was made a party defendant. Appellee bank certainly could not be required to except to the cause of action set up by this amended pleading as being a misjoinder of parties and causes of action, and that the impleading of Hutto would delay and injure it until such pleading was filed. It is always within the sound discretion of the trial court to permit belated pleadings to be filed. No abuse of that discretion is shown in this case. True, appellee bank did not file its exceptions until after the court had overruled appellee Hutto's exception as to the misjoinder of parties and causes of action. It was, however, on the same day that the cross-action, impleading a new party, was filed, and after the court had held the new party in the suit, but before any matter concerning the merits of the suit had been taken up, that the pleading complained of was filed. Under such circumstances, the request and the order permitting the filing of the supplemental petition by appellee bank were proper and within the discretion of the trial court and in order that one party to the litigation might not be injured by delay in the trial of his cause.

[9] Likewise is it within the sound discretion of the trial court, under the provisions of article 1848, R. S. 1911, to refuse to permit additional parties to be brought into a suit "at such a time or in such a manner as unreasonably to delay the trial of the case." It is apparent, from appellant Barton's cross-action and from appellee Hutto's reply thereto and his answer and cross-action, that in all probability the cause would have to be continued to make additional parties. Appellant's cross-action states that the money obtained on the note in suit was loaned for the use and to promote the interest of the Texas Producers' Association and to its successor, the Texas Producers' Corporation, which he alleges that he (appellant), Hutto, and McCann agreed to finance. Hutto's answer and cross-action alleges that said association and successor corporation was primarily liable by virtue of the transaction for the debt, and was therefore a necessary party to appellant's cross-action; in the event that he (Hutto) should have to pay on the note in suit, he would be entitled to judgment against the party primarily liable. Another issue was also joined between Barton and Hutto as to a proper accounting for moneys and properties of said corporation handled by appellant, which Hutto contended should have been used to pay the note in suit. Therefore, the said corporation should and would have been necessarily a party to the suit as between Barton and Hutto.

[10, 11] No injury or abuse of the discre-

tion vested in the trial court as to refusing to permit the making of new parties is shown by the record in this case. Appellee bank was not seeking a recovery on the collateral agreement, but upon its note. Admitting that it had a joint cause of action against all the parties alleged to be jointly and severally bound, under our statutes and decisions, it could sue all or any one of the parties jointly and severally bound, or, having sued them all, could discontinue the suit as to any one of them, provided the other co-obligors were not in a position to complain. Articles 1842, 1896, Revised Statute; Bute v. Brainerd, 93 Tex. 137, 53 S. W. 1017. Appellant, Barton, being jointly and severally liable upon both the note and the collateral agreement, could not complain without first showing that he had paid the obligation, or more than his proportionate part thereof. Although the rights of contribution rest on the principles of equity and justice, no cause of action arises for contribution before one joint debtor has paid the debt, or more than his proportionate part thereof; and it is no abuse of discretion for a trial court to refuse to permit the joining by one co-obligor of another to a suit by the payee for the debt, before the impleading co-obligor has paid anything on the debt. The impleading co-obligor is in no danger of losing his debt or right of action against another co-obligor by limitation until he has paid the debt. The limitation applicable to an action for contribution is that fixed for an implied contract. As the right to enforce contribution is not complete and enforceable until payment or discharge in whole or in part of the joint debt, the statute of limitation does not commence to run against a claim for contribution until the complainant has paid the common debt, or more than his share of it. 13 C. J. 833.

We are of the opinion that the trial court committed no error in dismissing appellee Hutto from this suit; and the judgment is in all things affirmed.

Affirmed.

⊂⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes