## Lawson v. Lear, et al.

(Decided May 1, 1925.)

### Appeal from Garrard Circuit Court.

Appeal and Error—Findings in Accordance with Weight of Evidence will Not be Disturbed.—Findings which are in accord with weight of evidence will not be disturbed.

C. C. WILLIAMS and H. C. KAUFFMAN for appellant.

L. L. WALKER and E. V. PURYEAR for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Lear sued Davis to recover $890 because of defendant's failure to deliver to plaintiff on the market at Cincinnati under a contract a carload of hogs, to weigh not less than 20,000 pounds, on the 1st of October, 1917, that amount representing one-half of the difference between the market price on the day of the delivery and the contract price, it being alleged that Davis had theretofore paid him one-half thereof.

Davis answered, and without controverting any of the allegations of the petition made his answer a cross-petition against Lawson, alleging that Lawson was his full partner in the sale to Lear, but that Davis himself had made the contract for the partnership with Lear, not divulging to Lear that Lawson was his partner.

Lawson filed his answer to the cross-petition traversing some of Davis' allegations, and in a separate paragraph alleged affirmatively that he and Davis had agreed to sell two carloads of hogs on the Cincinnati market, but that in fact it was understood and agreed between them that no hogs were to be delivered, and that the contract was intended to be merely a wager upon the price of the hogs upon the market at the time of delivery agreed upon; that they were to deliver one carload the 1st of March, 1917, and the other the 1st of October, 1917. That they suffered a loss upon the carload to be delivered in March, and that he, Lawson, had paid the sum of $380.00, being one-half of such loss. And that at the time it was agreed between the parties that he should be released from the contract as to the delivery on the 1st of October, 1917.

Upon a trial the jury returned a verdict against Lawson in favor of Davis for $890.00, upon which judgment was entered, and from that judgment Lawson appealed to this court, where the judgment was reversed, and it was directed in the opinion that the cause be transferred to the equity docket, and there heard, but expressly provided that it did not preclude any defense in law or equity Lawson might have. Lawson v. Davis, 194 Ky. 67.

Upon a return of the case the cause was transferred to the equity docket, and by agreement the evidence heard in the common law trial was used, together with two depositions, one on each side, thereafter taken.

The chancellor upon submission entered a judgment in favor of Lear against both Davis and Lawson for $645.00, with interest. That result was reached in this way: The total loss on the October carload was $1,780.00, and Davis settled one-half that loss with Lear for $400.00, which Davis himself paid; this settlement Lawson was given the benefit of, for the partners were adjudged to pay only one-half of the remaining $980.00 plus the $400.00 Davis had paid in settlement of the other half.

On this appeal nothing except questions of facts are presented, for the judgment of the court conforms to the ruling on the former appeal.

But appellant says that the evidence and the transaction as a whole shows it was a gambling transaction, and merely a wager upon what the hog market would be at Cincinnati upon a given day in the future. It would be unprofitable to go into the evidence on this issue, for not only has a jury passed upon this point contrary to his contention, but the chancellor likewise in entering his judgment holds as a fact it was not a gaming transaction. It may be conceded that not only the testimony of appellant shows it was such a transaction, but certain circumstances surrounding the transaction tend to corroborate his version; but we are unwilling to say in the face of the jury finding, supplemented by a finding of fact by the chancellor, that the judgment should be reversed on this state of the record, when, to say the least, the evidence is very conflicting.

The further contention by appellant is that when he settled for his share of the losses because of the failure to deliver the March carload, by agreement he was released from his obligation to deliver the October car-

load. In this the weight of the evidence is against him, and we see no reason to disturb the chancellor's finding.

There being nothing but questions of fact raised, and the finding being in accord with the weight of the evidence, the judgment must be, and is, affirmed. It is so ordered.