## Burnett's Administratrix et al. v. Farmers National Bank of Danville.

(Decided May 13, 1932.)

ROBERT F. MATTHEWS and RALPH GILBERT for appellants.

TODD & BEARD and NELSON RODES for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The Danville National Bank was adjudged to have a lien upon a farm known in this record as the "Neblett farm" and owned by Fannie Howser to secure to it the payment of $2,746.53 with interest from February 25, 1929, and she has appealed. On the 28th of February, 1923, Samuel Burnett et al. mortgaged to the Kentucky Joint Stock Land Bank a farm known in this record as the "Finchville farm" to secure a loan of $14,000 then made to them.

On June 15, 1926, Fannie Howser bought the Neblett farm, for which the consideration was $23,625 paid and assumed as followed:

$10,000 lien to New York Life Insurance Company assumed by Mrs. Howser.

$5,000 represented property conveyed by Mrs. Howser to Neblett.

$8,625 was paid in cash.

August 26, 1927, Samuel Burnett died. In March, 1928, his widow, Ethelene Burnett, qualified as his administratrix. In the year 1929 the Kentucky Joint Stock Land Bank filed a cross-petition in certain litigation then pending in the Shelby circuit court, and such proceedings were had that it obtained a judgment against Samuel Burnett's administratrix et al. for $14,625.12, and was adjudged a first lien on the Finchville farm to secure its payment. On February 25, 1929, this judgment and lien were sold and transferred to the Farmers' National Bank of Danville, Ky. The Finchville farm was sold under this judgment and left an unsatisfied balance of $2,746.53.

In September, 1929, the Farmers' National Bank of Danville, Ky., began this action against the administratrix of Samuel Burnett, Fannie Howser, her husband Fred Howser, and the New York Life Insurance Company, alleging in its petition the foregoing and that Samuel Burnett had paid the $8,625 which was paid in cash for the purchase of this Neblett farm and had given this $8,625 to Fannie Howser, and that at his direction the Neblett farm was conveyed to his only child, Fannie Howser, that there was no consideration for the gift of this money by Burnett to his daughter, that she is yet the owner of this Neblett farm, that this gift was void as to the then existing debts and liabilities of Burnett, and that the estate of Samuel Burnett is insolvent. It is clear that the Farmers' National Bank is seeking to subject this farm to its debt under section 2354, Ky. Stats. To understand this section of the statute it must be read in connection with section 2353 enacted at the same time. See sections 20 and 21, c. 80, Rev. Stats., and eliminating the exception in section 2353, with which we are not concerned here, the two sections thus read together are:

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter. . . . Such deeds shall be deemed fraudulent as against the existing debts and liabilities of the person paying the consideration."

The New York Life Insurance Company answered that its debt was not due and asked that it be adjudged a prior lien to secure the payment of its $10,000 and that the farm be sold subject thereto.

Mr. and Mrs. Howser filed answer raising issues which we shall consider later.

In the judgment the court adjudged to the New York Life Insurance Company a superior lien for its $10,000 debt, and that the farm be sold subject thereto, and decreed: "That the defendant, Fannie Howser having paid the sum of $5,000.00 upon the purchase price of the aforesaid real estate when purchased from Thomas Neblett in 1926 and Samuel Burnett having paid the sum of $8,625.00 upon the purchase price of the aforesaid Neblett real estate, it is now decreed that the lien of the Farmers' National Bank of Danville, Kentucky, for the aforesaid sum of $2,746.53 with interest thereon from February 25, 1929, shall affect the equity in the aforesaid land in the proportion that $8,625.00 bears to $13,-625.00 and that the interest of Fannie Howser in said equity is in proportion as $5,000.00 is to $13,625.00."

Upon this appeal Mr. and Mrs. Howser are urging this is erroneous because of these defenses which they had made and upon which the court found against them. First they urge that a benefit to accrue to a third person is a valuable consideration. That is true as between Samuel Burnett and Neblett, but not as between Burnett and his then existing creditors. They contend that Samuel Burnett was then indebted to Fred Howser in a sum exceeding this $8,625.00, and that the liquidation of this indebtedness was a valuable consideration for the payment of this $8,625.00. The basis of this argument is that Samuel Burnett and Fred Howser had for some years previous to 1923 been engaged in the milling business as Burnett & Howser, and while so engaged Burnett had become indebted to Howser in a sum exceeding $8,-625 and that it was agreed between Fred Howser and Burnett that this indebtedness should be liquidated by the gift of this $8,625 to Mrs. Howser.

Mr. Burnett being dead, section 606 of the Civil Code of Practice, as it was when this case was tried, closed the mouths of the Howsers and they were unable to prove this agreement. They showed Mr. Burnett had drawn checks upon the account of Burnett & Howser, to pay individual debts, had received supplies from the partnership, and that Mr. Howser was to be paid a salary of $80 per month by the firm for his services which they say had not been paid, and they argue that thus they showed Samuel Burnett owed Fred Howser more

than $8,625. There had never been any settlement between these partners of this partnership business, and it is elementary that an indebtedness of one partner to another arising out of the partnership business cannot be established by picking out items here and there that one partner may have received from the partnership. There must be a settlement of the partnership before it can be known that one partner owes the other. Lawrence v. Clark, 39 Ky. (9 Dana) 257, 35 Am. Dec. 133; Lambert v. Ingram's Admr. 54 Ky. (15 B. Mon.) 265; Stone v. Mattingly, 19 S. W. 402, 14 Ky. Law Rep. 113; Warring v. Arthur, 98 Ky. 34, 32 S. W. 221, 17 Ky. Law Rep. 605; Durand v. Cunningham, 10 Ky. Op. 702; Shearer v. Francis, 5 S. W. 559, 9 Ky. Law Rep. 556; Ward v. Best's Exr., 8 Ky. Law Rep. 784; Coulson v. Ferree, 85 S. W. 686, 27 Ky. Law Rep. 451; Lawson v. Davis, 194 Ky. 67, 238 S. W. 402; Jesse v. Slaughter, 205 Ky. 271, 265 S. W. 783; Baker v. Ramey, 222 Ky. 694, 2 S. W. (2d) 369; Sebastian v. Booneville Academy Co., 56 S. W. 810, 22 Ky. Law Rep. 186; Kelley v. Ramey, 176 Ky. 584, 195 S. W. 1111; 47 C. J., p. 804, sec. 251; 20 R. C. L., p. 924, sec. 139.

To sustain this defense the burden was on the Howsers to sustain every element necessary to establish it. See 13 C. J., p. 756, sec. 927. They have failed to sustain it. See 1 C. J., p. 580, sec. 143.

They argue here that the bank being secured in the payment of its indebtedness ought not to be allowed to attack this gift, but a complete answer to that is the security has been exhausted and a portion of the bank's debt is unpaid.

They argue that there was no proof of fraud, but the bank proved the gift was made and that its debt was then existing. The statute does the rest.

They argue here that Sam Burnett had a right to pay Fred Howser what he owed him, and when he did so it was as they say only a preference and must be attacked within six months. The fallacy in this argument is they failed to prove Burnett owed Fred Howser anything. A settlement of the affairs of this partnership may show Howser indebted to Burnett.

They have made other contentions, but they are too trivial to merit discussion.

The judgment is affirmed.